IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Federal Trade Commission; all Fifty States; and the District of Columbia;<br><br>Plaintiffs,<br>vs.<br><br>Cancer Fund of America, Inc., a Delaware corporation, et al.;<br><br>Defendants. | No. CV-15-00884-PHX-NVW<br><br>**STIPULATED ORDER FOR PERMANENT INJUNCTION AND MONETARY JUDGMENT AGAINST THE BREAST CANCER SOCIETY, INC.** |

Plaintiffs, the Federal Trade Commission ("FTC" or "Commission") and the states of Alabama, Alaska, Arizona, Arkansas, California, Colorado, Connecticut, Delaware, Florida, Georgia, Hawaii, Idaho, Illinois, Indiana, Iowa, Kansas, Kentucky, Louisiana, Maine, Maryland, Massachusetts, Michigan, Minnesota, Mississippi, Missouri, Montana, Nebraska, Nevada, New Hampshire, New Jersey, New Mexico, New York, North Carolina, North Dakota, Ohio, Oklahoma, Oregon, Pennsylvania, Rhode Island, South Carolina, South Dakota, Tennessee, Texas, Utah, Vermont, Virginia, Washington, West Virginia, Wisconsin, Wyoming, and the District of Columbia filed a Complaint for a permanent injunction and other equitable relief against Defendants Cancer Fund of America, Inc., also d/b/a Breast Cancer Financial Assistance Fund ("CFA"), Cancer Support Services, Inc. ("CSS"), Children's Cancer Fund of America, Inc. ("CCFOA"),

and The Breast Cancer Society, Inc., also d/b/a The Breast Cancer Society of America ("BCS"), and certain individuals, pursuant to Sections 13(b) and 19 of the Federal Trade Commission Act, 15 U.S.C. § 53(b) and 57(b); the Telemarketing and Consumer Fraud and Abuse Prevention Act ("Telemarketing Act"), 15 U.S.C. §§ 6101-6108; and the Unfair and Deceptive Acts and Practices and Charitable Solicitation laws of the Plaintiff States.  Plaintiffs and Defendant The Breast Cancer Society, Inc. have stipulated to the entry of this Stipulated Order for Permanent Injunction and Monetary Relief Against The Breast Cancer Society ("Order"), and to the entry of a separate and concurrently filed Stipulated Order Appointing Receiver Over The Breast Cancer Society, Inc. ("BCS Receivership Order").  Together, this Order and the BCS Receivership Order resolve all matters in dispute in this action between Plaintiffs and Defendant BCS.

THEREFORE, IT IS ORDERED as follows:

**GRANTING** the parties' Stipulation re Order for Permanent Injunction and Monetary Judgment Against The Breast Cancer Society, Inc. (Doc. 1);

**FINDINGS**

1. This Court has jurisdiction over this matter.

2. Venue is proper in the District of Arizona.

3. The Complaint charges that Defendant BCS and others engaged in deceptive acts or practices by making false and misleading claims in charitable solicitations in violation of Section 5 of the FTC Act, 15 U.S.C. § 45, the Telemarketing Sales Rule ("TSR"), 16 C.F.R. Part 310, and the following state statutes regulating charitable solicitations and prohibiting deceptive and/or unfair trade practices:

| Alabama: | ALA. CODE §§ 8-19-1 through -15; and §§ 13A-9-70 through 76. |
| Alaska: | ALASKA STAT. §§ 45.50.471 through 45.50.561; and §§ 45.68.010 through 45.68.900. |
| Arizona: | ARIZ. REV. STAT. ANN. §§ 44-1521 through 44-1535; and §§ 44-6551 through 44-6561. |
| Arkansas: | ARK. CODE ANN. §§ 4-28-401 through 4-28-416; and §§ 4-88-101 through 4-88-115. |

| California: | Cal. Gov. Code §§ 12580 through 12599.6; Cal. Bus. & Prof. Code §§ 17200 through 17206; and §§ 17510 through 17510.95. |
|---|---|
| Colorado: | Colo. Rev. Stat. §§ 6-1-101 through 115; and §§ 6-16-101 through 114. |
| Connecticut: | Conn. Gen. Stat. §§ 21a-175 through 21a-190l; and §§ 42-110a through 42-110q. |
| Delaware: | Del. Code Ann. tit. 6, § 2513(a) (1998); tit. 6, § 2532(a) (1995); and tit. 6, §§ 2595(a) – (b) (1995). |
| Florida: | Fla. Stat. ch. 501, Part II; and ch. 496 (2013). |
| Georgia: | Ga. Code Ann. §§ 43-17-1 through 43-17-23 (2011). |
| Hawaii: | Haw. Rev. Stat. §§ 467B-9.6, 467B-9.7(d), and §§ 467B-10.5; § 480-15; and Act 217 §2 Haw. Sess. Laws (2014). |
| Idaho: | Idaho Code Ann. §§ 48-601 through 619; and §§ 48-1201 through 1206. |
| Illinois: | 225 Ill. Comp. Stat. §§ 460/0.01 through 460/23. |
| Indiana: | Ind. Code §§ 23-7-8-1 through -9; and §§ 24-5-0.5-1 through -12. |
| Iowa: | Iowa Code § 714.16. |
| Kansas: | Kan. Stat. Ann. §§ 17-1759 through 17-1776. |
| Kentucky: | Ky. Rev. Stat. Ann. §§ 367.110 through 367.300. |
| Louisiana: | La. Rev. Stat. Ann. §§ 51:1401 through 1427; and §§ 51:1901 through 1909.1. |
| Maine: | Me. Rev. Stat. Ann. tit. 5, §§ 205-A through 214. |
| Maryland: | Md. Code Ann., Bus. Reg. §§ 6-101 through 6-701 (2010). |
| Massachusetts: | Mass. Gen. Laws ch. 12 §§ 8 through 8M, 10; ch. 68 §§ 18 through 35; and ch. 93A §§ 1 through 11. |
| Michigan: | Mich. Comp. Laws §§ 400.271 through 400.294. |
| Minnesota: | Minn. Stat. ch. 309. |
| Mississippi: | Miss. Code Ann. §§ 79-11-501 through 79-11-529. |
| Missouri: | Mo. Rev. Stat. ch. 407. |
| Montana: | Mont. Code Ann. § 30-14-103. |
| Nebraska: | Neb. Rev. Stat. §§ 21-1901 through 21-19,177; §§ 59-1601 through 59-1622; and §§ 87-301 through 87-306. |
| Nevada: | Nev. Rev. Stat. §§ 598.1305, 598.0915(15), 598.096, 598.0963, and 598.097. |
| New Hampshire: | N.H. Rev. Stat. Ann. §§ 7:19; 7:20; 7:21; 7:24; 7:28; 7:28-c; 7:28-f; and 641:8. |
| New Jersey: | N.J. Stat. Ann. §§ 45:17A-18 through 45:17A-32(c); §§ 56:8-1 through 56:8-20; and N.J. Admin. Code §§ 13:48-1.1 through 13:48-15.1. |
| New Mexico: | N.M. Stat. §§ 57-12-1 through 57-12-22; and §§ 57-22-1 through 57-22-11 (1978). |

| | |
|---|---|
| New York: | N.Y. EXEC. LAW §§ 63 (12); §§ 171-a through 175; and N.Y. GEN. BUS. LAW § 349. |
| North Carolina: | N.C. GEN. STAT. ANN. §§ 75-1.1; and § 131F. |
| North Dakota: | N.D. CENT. CODE §§ 50-22-01 through 50-22-07; and 51-15-01 through 51-15-11. |
| Ohio: | OHIO REV. CODE ANN. § 1716. |
| Oklahoma: | OKLA. STAT. ANN. tit. 18 §§ 552.1 through 552.22. |
| Oregon: | OR. REV. STAT. §§ 128.886; and §§ 646.605 through 646.636. |
| Pennsylvania: | 10 PA. STAT. ANN. §§ 162.1 through .14 (1990). |
| Rhode Island: | R.I. GEN. LAWS §§ 5-53.1-1 through 5-53.1-18. |
| South Carolina: | S.C. CODE ANN. §§ 33-56-10 through 33-56-200. |
| South Dakota: | S.D. CODIFIED LAWS §§ 37-30-17 through 37-30-21; and §§ 21-34-1 through 21-34-14. |
| Tennessee: | TENN. CODE ANN. §§ 48-101-501 through 48-101-522. |
| Texas: | TEX. BUS. & COM. CODE ANN. §§17.41 through 17.63. |
| Utah: | UTAH CODE ANN. §§ 13-11-1 through 13-11-23; §§ 13-22-1 through 13-22-23; and §§ 13-26-1 through 13-26-11. |
| Vermont: | VT. STAT. ANN. tit. 9 §§ 2453 through 2461; and §§ 2471 through 2479. |
| Virginia: | VA. CODE ANN. §§ 57-48 through 57-69. |
| Washington: | WASH. REV. CODE §§ 19.86; and §19.09. |
| West Virginia: | W.VA. CODE §§ 29-19-1 -15b; and §§ 46A-1-101 through 46a-6-110. |
| Wisconsin: | WIS. STAT. §§ 202.11-202.18. |
| Wyoming: | WYO. STAT. ANN. §§ 40-12-101 through 114. |

4. Defendant BCS neither admits nor denies any of the allegations in the Complaint, except as specifically stated in this Order. Only for purposes of this action, Defendant BCS admits the facts necessary to establish jurisdiction.

5. Defendant BCS waives any claim that it may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Order, and agrees to bear its own costs and attorney fees.

6. Defendant BCS waives all rights to appeal or otherwise challenge or contest the validity of this Order.

7. Entry of this Order is in the public interest.

**DEFINITIONS**

For purposes of this Order, the following definitions shall apply:

1. "BCS" means The Breast Cancer Society, Inc., also d/b/a The Breast Cancer Society of America, and its successors and assigns.

2. "BCS Receivership Order" means the "Stipulated Order Appointing Receiver Over The Breast Cancer Society, Inc."

3. "BCS Receiver" means the receiver appointed by the BCS Receivership Order.

4. "Person" means a natural person, an organization or other legal entity, including a corporation, partnership, sole proprietorship, limited liability company, association, cooperative, or any other group or combination acting as an entity.

5. "Charitable contribution" means any donation or gift of money or any other thing of value.

6. "Donor" or "consumer" means any person solicited to make a charitable contribution.

7. "Fundraising" means a plan, program, or campaign that is conducted to induce charitable contributions by mail, telephone, electronic mail, social media, or any other means.

8. "Nonprofit organization" means any person that is, or is represented to be, a nonprofit entity, or that has, or is represented to have, a charitable purpose, specifically including but not limited to any such entity that purports to benefit, either in whole or in part, individuals who suffer or have suffered from cancer.

9. "Plaintiff States" means the states of Alabama, Alaska, Arizona, Arkansas, California, Colorado, Connecticut, Delaware, Florida, Georgia, Hawaii, Idaho, Illinois, Indiana, Iowa, Kansas, Kentucky, Louisiana, Maine, Maryland, Massachusetts, Michigan, Minnesota, Mississippi, Missouri, Montana, Nebraska, Nevada, New Hampshire, New Jersey, New Mexico, New York, North Carolina, North Dakota, Ohio, Oklahoma, Oregon, Pennsylvania, Rhode Island, South Carolina, South Dakota,

Tennessee, Texas, Utah, Vermont, Virginia, Washington, West Virginia, Wisconsin, Wyoming, and the District of Columbia.

10. "Solicitor" means any person who solicits a charitable contribution.

11. "Telemarketing" means a plan, program, or campaign that is conducted to induce the purchase of goods or services or a charitable contribution, by use of one or more telephones and that involves a telephone call, whether or not covered by the Telemarketing Sales Rule.

12. "And" and "or" shall be construed both conjunctively and disjunctively to make the applicable sentence or phrase inclusive rather than exclusive.

**ORDER**

**I.    CORPORATE DISSOLUTION**

IT IS FURTHER ORDERED that, pursuant to the BCS Receivership Order of which BCS has consented to entry, the BCS Receiver shall take the steps necessary to cause BCS to be dissolved and to cease to exist as a corporate entity.

**II.    PROHIBITION ON MISREPRESENTATIONS**

IT IS FURTHER ORDERED that BCS, its officers, agents, employees, and independent contractors, and all other persons in active concert or participation with it who receive actual notice of this Order, whether acting directly or indirectly, are hereby permanently restrained and enjoined from making, or assisting in making, material misrepresentations in connection with the sale of consumer goods or services.

**III.    TELEMARKETING SALES RULE COMPLIANCE**

IT IS FURTHER ORDERED that BCS, its officers, agents, employees, and independent contractors, and all other persons in active concert or participation with it who receive actual notice of this Order, whether acting directly or indirectly, are hereby permanently restrained and enjoined from violating, or assisting others in violating, any

provision of the Telemarketing Sales Rule ("TSR"), 16 C.F.R. Part 310, as currently promulgated or as it hereafter may be amended..

## IV.   COMPLIANCE WITH STATE LAW

IT IS FURTHER ORDERED that BCS, its officers, agents, employees, and independent contractors, whether acting directly or indirectly, are hereby permanently restrained and enjoined from violating, or assisting others in violating, any provision of the following state laws:

| | |
|---|---|
| Alabama: | ALA. CODE §§ 8-19-1 through -15; and §§ 13A-9-70 through 76. |
| Alaska: | ALASKA STAT. §§ 45.50.471 through 45.50.561; and §§ 45.68.010 through 45.68.900. |
| Arizona: | ARIZ. REV. STAT. ANN. §§ 44-1521 through 44-1534; and §§ 44-6551 through 44-6561. |
| Arkansas: | ARK. CODE ANN. §§ 4-28-401 through 4-28-416; and §§ 4-88-101 through 4-88-115. |
| California: | CAL. GOV. CODE §§ 12580 through 12599.6; CAL. BUS. & PROF. CODE §§ 17200 through 17206; and §§ 17510 through 17510.95. |
| Colorado: | COLO. REV. STAT. §§ 6-1-101 through 115; and §§ 6-16-101 through 114. |
| Connecticut: | CONN. GEN. STAT. §§ 21a-175 through 21a-190l; and §§ 42-110a through 42-110q. |
| Delaware: | DEL. CODE ANN. tit. 6, § 2513(a) (1998); tit. 6, § 2532(a) (1995); and tit. 6, §§ 2595(a) – (b) (1995). |
| Florida: | FLA. STAT. ch. 501, Part II; and ch. 496 (2013). |
| Georgia: | GA. CODE ANN. §§ 43-17-1 through 43-17-23 (2011). |
| Hawaii: | HAW. REV. STAT. §§ 467B-9.6, 467B-9.7(d), and 467B-10.5; § 480-15; and Act 217 §2 Haw. Sess. Laws (2014). |
| Idaho: | IDAHO CODE ANN. §§ 48-601 through 619; and §§ 48-1201 through 1206. |
| Illinois: | 225 ILL. COMP. STAT. §§ 460/0.01 through 460/23. |
| Indiana: | IND. CODE §§ 23-7-8-1 through -9; and §§ 24-5-0.5-1 through -12. |
| Iowa: | IOWA CODE § 714.16. |
| Kansas: | KAN. STAT. ANN. §§ 17-1759 through 17-1776. |
| Kentucky: | KY. REV. STAT. ANN. §§ 367.110 through 367.300. |
| Louisiana: | LA. REV. STAT. ANN. §§ 51:1401 through 1427; and §§ 51:1901 through 1909.1. |
| Maine: | ME. REV. STAT. ANN. tit. 5, §§ 205-A through 214. |
| Maryland: | MD. CODE ANN., BUS. REG. §§ 6-101 through 6-701 (2010). |

| | |
|---|---|
| Massachusetts: | MASS. GEN. LAWS ch. 12 §§ 8 through 8M, 10; ch. 68 §§ 18 through 35; and ch. 93A §§ 1 through 11. |
| Michigan: | MICH. COMP. LAWS §§ 400.271 through 400.294. |
| Minnesota: | MINN. STAT. ch. 309. |
| Mississippi: | MISS. CODE ANN. §§ 79-11-501 through 79-11-529. |
| Missouri: | MO. REV. STAT. ch. 407. |
| Montana: | MONT. CODE ANN. § 30-14-103. |
| Nebraska: | NEB. REV. STAT. §§ 21-1901 through 21-19,177; §§ 59-1601 through 59-1622; and §§ 87-301 through 87-306. |
| Nevada: | NEV. REV. STAT. §§ 598.1305, 598.0915(15), 598.096, 598.0963, and 598.097. |
| New Hampshire: | N.H. REV. STAT. ANN. §§ 7:19; 7:20; 7:21; 7:24; 7:28; 7:28-c; 7:28-f; and 641:8. |
| New Jersey: | N.J. STAT. ANN. §§ 45:17A-18 through 45:17A-32(c); §§ 56:8-1 through 56:8-20; and N.J. ADMIN. CODE §§ 13:48-1.1 through 13:48-15.1. |
| New Mexico: | N.M. STAT. §§ 57-12-1 through 57-12-22; and §§ 57-22-1 through 57-22-11 (1978). |
| New York: | N.Y. EXEC. LAW §§ 63 (12); §§ 171-a through 175; and N.Y. GEN. BUS. LAW § 349. |
| North Carolina: | N.C. GEN. STAT. ANN. §§ 75-1.1; and 131F. |
| North Dakota: | N.D. CENT. CODE §§ 50-22-01 through 50-22-07; and §§ 51-15-01 through 51-15-11. |
| Ohio: | OHIO REV. CODE ANN. § 1716. |
| Oklahoma: | OKLA. STAT. ANN. tit. 18 §§ 552.1 through 552.22. |
| Oregon: | OR. REV. STAT. §§ 128.886; and 646.605 through 646.636. |
| Pennsylvania: | 10 PA. STAT. ANN. §§ 162.1 through .14 (1990). |
| Rhode Island: | R.I. GEN. LAWS §§ 5-53.1-1 through 5-53.1-18. |
| South Carolina: | S.C. CODE ANN. §§ 33-56-10 through 33-56-200. |
| South Dakota: | S.D. CODIFIED LAWS §§ 37-30-17 through 37-30-21; and §§ 21-34-1 through 21-34-14. |
| Tennessee: | TENN. CODE ANN. §§ 48-101-501 through 48-101-522. |
| Texas: | TEX. BUS. & COM. CODE ANN. §§17.41 through 17.63. |
| Utah: | UTAH CODE ANN. §§ 13-11-1 through 13-11-23; §§ 13-22-1 through 13-22-23; and §§ 13-26-1 through 13-26-11. |
| Vermont: | VT. STAT. ANN. tit. 9 §§ 2453 through 2461; and §§ 2471 through 2479. |
| Virginia: | VA. CODE ANN. §§ 57-48 through 57-69. |
| Washington: | WASH. REV. CODE §§ 19.86; and §19.09. |
| West Virginia: | W.VA. CODE §§ 29-19-1 -15b; and §§ 46A-1-101through 46a-6-110. |
| Wisconsin: | WIS. STAT. §§ 202.11-202.18. |
| Wyoming: | WYO. STAT. ANN. §§ 40-12-101 through 114. |

**V.   COOPERATION**

IT IS FURTHER ORDERED that BCS must cooperate fully with Plaintiffs' representatives in this case and in any investigation related to or associated with the transactions or the occurrences that are the subject of the Complaint. BCS must provide truthful and complete information, evidence, and testimony. BCS must cause its officers, employees, representatives, or agents to appear for interviews, discovery, hearings, trials, and any other proceedings that any Plaintiff's representative may reasonably request upon five days written notice, or other reasonable notice, at such places and times as any Plaintiff's representative may designate, without the service of a subpoena.

**VI.   MONETARY JUDGMENT**

IT IS FURTHER ORDERED that judgment is hereby entered against BCS as follows:

A.   Judgment in the amount of sixty-five million five hundred sixty-four thousand three hundred sixty dollars ($65,564,360) is entered in favor of Plaintiffs against BCS, as equitable monetary relief.

B.   In partial satisfaction of this judgment, the BCS Receiver shall take the necessary steps to wind down the affairs of BCS and liquidate and distribute its assets in the manner set forth in the BCS Receivership Order, and deposit all remaining net assets to the short term court ordered trust fund (hereinafter "STCO Fund") described in Section VII.D, below.

C.   Payments made by the BCS Receiver to the STCO Fund and to any approved qualified charity as authorized by the BCS Receivership Order shall be credited towards satisfaction of the judgment entered against it.

**VII.   ADDITIONAL MONETARY PROVISIONS**

IT IS FURTHER ORDERED that:

A.   BCS relinquishes dominion and all legal and equitable right, title, and

interest in all assets transferred pursuant to this Order and the BCS Receivership Order, and may not seek the return of any assets.

    A.    The facts alleged in the Complaint will be taken as true, without further proof, in any subsequent civil litigation by or on behalf of the Plaintiffs, including in a proceeding to enforce their rights to any payment or monetary judgment pursuant to this Order, such as a nondischargeability complaint in any bankruptcy case.

    B.    The facts alleged in the Complaint establish all elements necessary to sustain an action by the Plaintiffs pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and this Order will have collateral estoppel effect for such purposes.

    C.    Payment to the Plaintiff States:

        1.    All money paid to the Plaintiff States pursuant to this Order shall be made by wire transfer to the Litigation Deposits Trust Fund (Fund Code "T-xx-909N"), an interest bearing trust fund held by the Hawaii Attorney General's Office in trust for the Plaintiff States ("the short-term court ordered trust fund" or "STCO Fund").

        2.    The STCO Fund shall be used to pay: (a) pursuant to cy pres, qualifying charitable organizations with charitable purposes substantially similar to the purposes for which BCS solicited funds, and (b) the Plaintiff States to reimburse costs of the investigation and to pay attorneys' fees. When payment(s) from the STCO Fund are appropriate, the Plaintiff States shall submit to this Court a Motion and Proposed Order recommending cy pres recipients and the amounts to be paid to such recipients and/or the amounts to be paid to reimburse the Plaintiff States for their costs and attorneys' fees. The Hawaii Attorney General shall distribute monies from the STCO Fund only as authorized and directed by this Court. BCS has no right to challenge any recommendations regarding monetary distributions made by the Plaintiff States.

## VIII. RETENTION OF JURISDICTION

IT IS FURTHER ORDERED that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

**IX. STATE COURT ENFORCEMENT**

Without limiting the above provisions, BCS agrees that the provisions of Sections II and IV of this Order may be enforced by any Plaintiff State in a court of general jurisdiction in that Plaintiff's state if that Plaintiff state has reason to believe that persons in its state have been affected. Defendant BCS consents to any such court's jurisdiction for purposes of enforcing the terms of Sections II and IV of this Order.

Dated this 21st day of May, 2015.

_____
Neil V. Wake
United States District Judge