IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Federal Trade Commission; all Fifty States, and the District of Columbia;<br><br>Plaintiffs,<br>vs.<br><br>Cancer Fund of America, Inc., a Delaware corporation, et al.;<br><br>Defendants. | No. CV-15-00884-PHX-NVW<br><br>**STIPULATED ORDER FOR PERMANENT INJUNCTION AND MONETARY JUDGMENT AGAINST JAMES REYNOLDS, II** |

Plaintiffs, the Federal Trade Commission ("FTC" or "Commission") and the states of Alabama, Alaska, Arizona, Arkansas, California, Colorado, Connecticut, Delaware, Florida, Georgia, Hawaii, Idaho, Illinois, Indiana, Iowa, Kansas, Kentucky, Louisiana, Maine, Maryland, Massachusetts, Michigan, Minnesota, Mississippi, Missouri, Montana, Nebraska, Nevada, New Hampshire, New Jersey, New Mexico, New York, North Carolina, North Dakota, Ohio, Oklahoma, Oregon, Pennsylvania, Rhode Island, South Carolina, South Dakota, Tennessee, Texas, Utah, Vermont, Virginia, Washington, West Virginia, Wisconsin, Wyoming, and the District of Columbia have filed a complaint for a permanent injunction and other equitable relief against Defendants Cancer Fund of America, Inc., also d/b/a Breast Cancer Financial Assistance Fund ("CFA"), Cancer Support Services, Inc. ("CSS"), Children's Cancer Fund of America, Inc. ("CCFOA"), and The Breast Cancer Society, Inc., also d/b/a The Breast Cancer Society of America

("BCS"), James Reynolds, II, a/k/a James Reynolds, Jr., and other individuals, alleging that all named Defendants violated, among other statutes, the Federal Trade Commission Act, 15 U.S.C. § 45, the Telemarketing and Consumer Fraud and Abuse Prevention Act ("Telemarketing Act"), 15 U.S.C. §§ 6101-6108, and the Unfair and Deceptive Acts and Practices and Charitable Solicitation laws of the Plaintiff States. Plaintiffs and Defendant James Reynolds, II stipulate to the entry of this Stipulated Order for Permanent Injunction and Monetary Judgment Against James Reynolds, II ("Order") to resolve all matters in dispute in this action between them.

THEREFORE, IT IS ORDERED as follows:

**GRANTING** the parties' Stipulation Re Order for Permanent Injunction and Monetary Judgment Against James Reynolds, II (Doc. 5);

**FINDINGS**

1. This Court has jurisdiction over this matter.
2. Venue is proper in the District of Arizona.
3. The Complaint charges that Defendant James Reynolds, II ("Reynolds, II") and others engaged in deceptive acts or practices by making false and misleading claims in charitable solicitations in violation of Section 5 of the FTC Act, 15 U.S.C. § 45, the Telemarketing Sales Rule ("TSR"), 16 C.F.R. Part 310, and the following state statutes regulating charitable solicitations and prohibiting deceptive and/or unfair trade practices:

| | |
|---|---|
| Alabama: | ALA. CODE §§ 8-19-1 through -15; and 13A-9-70 through 76. |
| Alaska: | ALASKA STAT. §§ 45.50.471 through 45.50.561; and 45.68.010 through 45.68.900. |
| Arizona: | ARIZ. REV. STAT. ANN. §§ 44-1521 through 44-1534 and 44-6551 through 44-6561. |
| Arkansas: | ARK. CODE ANN. §§ 4-28-401 through 4-28-416; and §§ 4-88-101 through 4-88-115. |

| | |
|---|---|
| California: | CAL. GOV. CODE §§ 12580 through 12599.6; CAL. BUS. & PROF. CODE §§ 17200 through 17206; and §§ 17510 through 17510.95. |
| Colorado: | COLO. REV. STAT. §§ 6-1-101 through 115; and 6-16-101 through 114. |
| Connecticut: | CONN. GEN. STAT. §§ 21a-175 through 21a-190l; and 42-110a through 42-110q. |
| Delaware: | DEL. CODE ANN. tit. 6, § 2513(a) (1998); tit. 6, § 2532(a) (1995); and tit. 6, §§ 2595(a) – (b) (1995). |
| Florida: | FLA. STAT. ch. 501, Part II; and ch. 496 (2013). |
| Georgia: | GA. CODE ANN. §§ 43-17-1 through 43-17-23 (2011). |
| Hawaii: | HAW. REV. STAT. §§ 467B-9.6, 467B-9.7(d), and 467B-10.5; 480-15; and Act 217 § 2 Haw. Sess. Laws (2014). |
| Idaho: | IDAHO CODE ANN. §§ 48-601 through 619; and 48-1201 through 1206. |
| Illinois: | 225 ILL. COMP. STAT. §§ 460/0.01 through 460/23. |
| Indiana: | IND. CODE §§ 23-7-8-1 through -9; and 24-5-0.5-1 through -12. |
| Iowa: | IOWA CODE § 714.16. |
| Kansas: | KAN. STAT. ANN. §§ 17-1759 through 17-1776. |
| Kentucky: | KY. REV. STAT. ANN. §§ 367.110 through 367.300. |
| Louisiana: | LA. REV. STAT. ANN. §§ 51:1401 through 1427; and 51:1901 through 1909.1. |
| Maine: | ME. REV. STAT. ANN. tit. 5, §§ 205-A through 214. |
| Maryland: | MD. CODE ANN., BUS. REG. §§ 6-101 through 6-701 (2010). |
| Massachusetts: | MASS. GEN. LAWS ch. 12 §§ 8 through 8M, 10; ch. 68 §§ 18 through 35; and ch. 93A §§ 1 through 11. |
| Michigan: | MICH. COMP. LAWS §§ 400.271 through 400.294. |
| Minnesota: | MINN. STAT. ch. 309. |

| | |
|---|---|
| Mississippi: | MISS. CODE ANN. §§ 79-11-501 through 79-11-529. |
| Missouri: | MO. REV. STAT. ch. 407. |
| Montana: | MONT. CODE ANN. § 30-14-103. |
| Nebraska: | NEB. REV. STAT. §§ 21-1901 through 21-19,177; 59-1601 through 59-1622; and 87-301 through 87-306. |
| Nevada: | NEV. REV. STAT. §§ 598.1305, 598.0915(15), 598.096, 598.0963, and 598.097. |
| New Hampshire: | N.H. REV. STAT. ANN. §§ 7:19; 7:20; 7:21; 7:24; 7:28; 7:28-c; 7:28-f; and 641:8. |
| New Jersey: | N.J. STAT. ANN. §§ 45:17A-18 through 45:17A-32(c); 56:8-1 through 56:8-20; and N.J. ADMIN. CODE §§ 13:48-1.1 through 13:48-15.1. |
| New Mexico: | N.M. STAT. §§ 57-12-1 through 57-12-22; and §§ 57-22-1 through 57-22-11 (1978). |
| New York: | N.Y. EXEC. LAW §§ 63 (12); 171-a through 175; and N.Y. GEN. BUS. LAW § 349. |
| North Carolina: | N.C. GEN. STAT. ANN. §§ 75-1.1; and 131F. |
| North Dakota: | N.D. CENT. CODE §§ 50-22-01 through 50-22-07; and 51-15-01 through 51-15-11. |
| Ohio: | OHIO REV. CODE ANN. § 1716. |
| Oklahoma: | OKLA. STAT. ANN. tit. 18 §§ 552.1 through 552.22. |
| Oregon: | OR. REV. STAT. §§ 128.886; and 646.605 through 646.636. |
| Pennsylvania: | 10 PA. STAT. ANN. §§ 162.1 through .14 (1990). |
| Rhode Island: | R.I. GEN. LAWS §§ 5-53.1-1 through 5-53.1-18. |
| South Carolina: | S.C. CODE ANN. §§ 33-56-10 through 33-56-200. |
| South Dakota: | S.D. CODIFIED LAWS §§ 37-30-17 through 37-30-21; and 21-34-1 through 21-34-14. |

| | |
|---|---|
| Tennessee: | TENN. CODE ANN. §§ 48-101-501 through 48-101-522. |
| Texas: | TEX. BUS. & COM. CODE ANN. §§17.41 through 17.63. |
| Utah: | UTAH CODE ANN. §§ 13-11-1 through 13-11-23; 13-22-1 through 13-22-23; and 13-26-1 through 13-26-11. |
| Vermont: | VT. STAT. ANN. tit. 9 §§ 2453 through 2461; and 2471 through 2479. |
| Virginia: | VA. CODE ANN. §§ 57-48 through 57-69. |
| Washington: | WASH. REV. CODE §§ 19.86; and §19.09. |
| West Virginia: | W.VA. CODE §§ 29-19-1 -15b; and 46A-1-101 through 46a-6-110. |
| Wisconsin: | WIS. STAT. §§ 202.11-202.18. |
| Wyoming: | WYO. STAT. ANN. §§ 40-12-101 through 114. |

4. Defendant Reynolds, II neither admits nor denies any of the allegations in the Complaint, except as specifically stated in this Order. Only for purposes of this action, Defendant Reynolds, II admits the facts necessary to establish jurisdiction.

5. Plaintiffs and Defendant James Reynolds, II agree that this Order resolves all allegations in the Complaint.

6. Defendant Reynolds, II waives any claim that he may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Order, and agrees to bear his own costs and attorney fees.

7. Defendant Reynolds, II waives all rights to appeal or otherwise challenge or contest the validity of this Order.

8. Entry of this Order is in the public interest.

**DEFINITIONS**

For purposes of this Order, the following definitions shall apply:

1. "Defendant" and "Reynolds, II" mean the individual defendant James Reynolds, II, a/k/a James Reynolds, Jr.

2. "Person" means a natural person, an organization or other legal entity, including a corporation, partnership, sole proprietorship, limited liability company, association, cooperative, or any other group or combination acting as an entity.

3. "Charitable contribution" means any donation or gift of money or any other thing of value.

4. "Donor" or "consumer" means any person solicited to make a charitable contribution.

5. "Fundraising" means a plan, program, or campaign that is conducted to induce charitable contributions by mail, telephone, electronic mail, social media, or any other means.

6. "Nonprofit organization" means any person that is, or is represented to be, a nonprofit entity, or that has, or is represented to have, a charitable purpose, specifically including but not limited to any such entity that purports to benefit, either in whole or in part, individuals who suffer or have suffered from cancer.

7. "Plaintiff States" means the states of Alabama, Alaska, Arizona, Arkansas, California, Colorado, Connecticut, Delaware, Florida, Georgia, Hawaii, Idaho, Illinois, Indiana, Iowa, Kansas, Kentucky, Louisiana, Maine, Maryland, Massachusetts, Michigan, Minnesota, Mississippi, Missouri, Montana, Nebraska, Nevada, New Hampshire, New Jersey, New Mexico, New York, North Carolina, North Dakota, Ohio, Oklahoma, Oregon, Pennsylvania, Rhode Island, South Carolina, South Dakota, Tennessee, Texas, Utah, Vermont, Virginia, Washington, West Virginia, Wisconsin, Wyoming, and the District of Columbia.

8. "Solicitor" means any person who solicits a charitable contribution.

9. "Telemarketing" means a plan, program, or campaign that is conducted to induce the purchase of goods or services or a charitable contribution, by use of one or more telephones and that involves a telephone call, whether or not covered by the Telemarketing Sales Rule.

10. "And" and "or" shall be construed both conjunctively and disjunctively to make the applicable sentence or phrase inclusive rather than exclusive.

**ORDER**

**I.    PROHIBITIONS RELATED TO THE SOLICITATION AND CONTROL OF CHARITABLE ASSETS**

IT IS FURTHER ORDERED that Reynolds, II is permanently restrained, enjoined, and prohibited from engaging in the following activities, directly or indirectly, individually, or in concert with other persons or entities:

A.    Receiving any payment or other financial benefit for: (1) participating or assisting in the solicitation of charitable contributions, directly or indirectly, including by advising, acting as an independent contractor or a fundraising consultant, supplying contact or donor lists, or providing caging, mail processing, or fulfillment services; and (2) controlling, directly or indirectly, or holding a majority ownership interest in, any entity engaged in the business of fundraising; and

B.    Establishing, operating, controlling, or managing any nonprofit organization or other entity that holds charitable assets, or any program thereof, directly or indirectly, whether compensated or not, including by serving as a founder, incorporator, officer, director, trustee, chief executive, officer, manager, or other fiduciary; and

C.    Managing, controlling, directing, distributing, or accounting for the use or application of any charitable asset, or participating or assisting in managing, controlling, directing, distributing, or accounting for the use or application of any charitable asset, directly or indirectly, whether compensated or not, including by acting as an independent contractor, advisor, or consultant.

D.    **Provided that**, Reynolds, II may: (1) subject to the limitations of Section I.A-C, above, be employed in the capacity of a licensed medical professional by any nonprofit hospital or other nonprofit health care facility federally certified by the Centers

for Medicare and Medicaid Services (CMS) and/or licensed by the relevant state authorities, and use the supplies and equipment necessary to perform his duties as such a licensed medical professional; he may also volunteer in a non-fiduciary capacity on an advisory board of any such nonprofit hospital or other nonprofit health care facility federally certified by the Centers for Medicare and Medicaid Services (CMS) and/or licensed by the relevant state authorities; (2) be employed by or volunteer for any nonprofit organization or other entity that holds charitable assets in any capacity not prohibited by Section I.A-C above, such as working in any non-supervisory role unrelated to the solicitation, management, custody, control, or distribution of any charitable asset; or (3) be employed or volunteer as a clergyman or similar position at his church.

E.    **Provided further that** Reynolds, II may not be employed by any nonprofit organization or other entity that holds charitable assets that is directed, controlled, managed, or operated by any person affiliated with, or formerly affiliated with, Cancer Fund of America, Inc., Children's Cancer Fund of America, Inc., or The Breast Cancer Society, Inc., as an employee, officer, director, or contractor.

## II.    PROHIBITION ON MISREPRESENTATIONS

IT IS FURTHER ORDERED that Reynolds, II and all other persons in active concert or participation with him who receive actual notice of this Order, whether acting directly or indirectly, are hereby permanently restrained and enjoined from making, or assisting in making, material misrepresentations in connection with the sale of consumer goods or services.

## III.    TELEMARKETING SALES RULE COMPLIANCE

IT IS FURTHER ORDERED that Reynolds, II and all other persons in active concert or participation with him who receive actual notice of this Order, whether acting directly or indirectly, are hereby permanently restrained and enjoined from violating, or

assisting others in violating, any provision of the TSR, 16 C.F.R. Part 310, as currently promulgated or as it hereafter may be amended.

## IV.    COMPLIANCE WITH STATE LAW

IT IS FURTHER ORDERED that Reynolds, II, whether acting directly or indirectly, is hereby permanently restrained and enjoined from violating, or assisting others in violating, any provision of the following state laws:

| | |
|---|---|
| Alabama: | ALA. CODE §§ 8-19-1 through -15; and 13A-9-70 through 76. |
| Alaska: | ALASKA STAT. §§ 45.50.471 through 45.50.561; and 45.68.010 through 45.68.900. |
| Arizona: | ARIZ. REV. STAT. ANN. §§ 44-1521 through 44-1534 and 44-6551 through 44-6561. |
| Arkansas: | ARK. CODE ANN. §§ 4-28-401 through 4-28-416; and §§ 4-88-101 through 4-88-115. |
| California: | CAL. GOV. CODE §§ 12580 through 12599.6; CAL. BUS. & PROF. CODE §§ 17200 through 17206; and §§ 17510 through 17510.95. |
| Colorado: | COLO. REV. STAT. §§ 6-1-101through 115; and 6-16-101 through 114. |
| Connecticut: | CONN. GEN. STAT. §§ 21a-175 through 21a-190l; and 42-110a through 42-110q. |
| Delaware: | DEL. CODE ANN. tit. 6, § 2513(a) (1998); tit. 6, § 2532(a) (1995); and tit. 6, §§ 2595(a) – (b) (1995). |
| Florida: | FLA. STAT. ch. 501, Part II; and ch. 496 (2013). |
| Georgia: | GA. CODE ANN. §§ 43-17-1 through 43-17-23 (2011). |
| Hawaii: | HAW. REV. STAT. §§ 467B-9.6, 467B-9.7(d), and 467B-10.5; 480-15; and Act 217 §2 Haw. Sess. Laws (2014). |
| Idaho: | IDAHO CODE ANN. §§ 48-601 through 619; and 48-1201 through 1206. |
| Illinois: | 225 ILL. COMP. STAT. §§ 460/0.01 through 460/23. |

| | |
|---|---|
| Indiana: | IND. CODE §§ 23-7-8-1 through -9; and 24-5-0.5-1 through -12. |
| Iowa: | IOWA CODE § 714.16. |
| Kansas: | KAN. STAT. ANN. §§ 17-1759 through 17-1776. |
| Kentucky: | KY. REV. STAT. ANN. §§ 367.110 through 367.300. |
| Louisiana: | LA. REV. STAT. ANN. §§ 51:1401 through 1427; and 51:1901 through 1909.1. |
| Maine: | ME. REV. STAT. ANN. tit. 5, §§ 205-A through 214. |
| Maryland: | MD. CODE ANN., BUS. REG. §§ 6-101through 6-701 (2010). |
| Massachusetts: | MASS. GEN. LAWS ch. 12 §§ 8 through 8M, 10; ch. 68 §§ 18 through 35; and ch. 93A §§ 1 through 11. |
| Michigan: | MICH. COMP. LAWS §§ 400.271 through 400.294. |
| Minnesota: | MINN. STAT. ch. 309. |
| Mississippi: | MISS. CODE ANN. §§ 79-11-501 through 79-11-529. |
| Missouri: | MO. REV. STAT. ch. 407. |
| Montana: | MONT. CODE ANN. § 30-14-103. |
| Nebraska: | NEB. REV. STAT. §§ 21-1901 through 21-19,177; 59-1601 through 59-1622; and 87-301 through 87-306. |
| Nevada: | NEV. REV. STAT. §§ 598.1305, 598.0915(15), 598.096, 598.0963, and 598.097. |
| New Hampshire: | N.H. REV. STAT. ANN. §§ 7:19; 7:20; 7:21; 7:24; 7:28; 7:28-c; 7:28-f; and 641:8. |
| New Jersey: | N.J. STAT. ANN. §§ 45:17A-18 through 45:17A-32(c); 56:8-1 through 56:8-20; and N.J. ADMIN. CODE §§ 13:48-1.1 through 13:48-15.1. |
| New Mexico: | N.M. STAT. §§ 57-12-1through 57-12-22; and §§ 57-22-1through 57-22-11 (1978). |

| | |
|---|---|
| New York: | N.Y. Exec. Law §§ 63 (12); 171-a through 175; and N.Y. Gen. Bus. Law § 349. |
| North Carolina: | N.C. Gen. Stat. Ann. §§ 75-1.1; and 131F. |
| North Dakota: | N.D. Cent. Code §§ 50-22-01 through 50-22-07; and 51-15-01 through 51-15-11. |
| Ohio: | Ohio Rev. Code Ann. § 1716. |
| Oklahoma: | Okla. Stat. Ann. tit. 18 §§ 552.1 through 552.22. |
| Oregon: | Or. Rev. Stat. §§ 128.886; and 646.605 through 646.636. |
| Pennsylvania: | 10 Pa. Stat. Ann. §§ 162.1 through .14 (1990). |
| Rhode Island: | R.I. Gen. Laws §§ 5-53.1-1 through 5-53.1-18. |
| South Carolina: | S.C. Code Ann. §§ 33-56-10 through 33-56-200. |
| South Dakota: | S.D. Codified Laws §§ 37-30-17 through 37-30-21; and 21-34-1 through 21-34-14. |
| Tennessee: | Tenn. Code Ann. §§ 48-101-501 through 48-101-522. |
| Texas: | Tex. Bus. & Com. Code Ann. §§17.41 through 17.63. |
| Utah: | Utah Code Ann. §§ 13-11-1 through 13-11-23; 13-22-1 through 13-22-23; and 13-26-1 through 13-26-11. |
| Vermont: | Vt. Stat. Ann. tit. 9 §§ 2453 through 2461; and 2471 through 2479. |
| Virginia: | Va. Code Ann. §§ 57-48 through 57-69. |
| Washington: | Wash. Rev. Code §§ 19.86; and §19.09. |
| West Virginia: | W.Va. Code §§ 29-19-1 -15b; and 46A-1-101through 46a-6-110. |
| Wisconsin: | Wis. Stat. §§ 202.11-202.18. |
| Wyoming: | Wyo. Stat. Ann. §§ 40-12-101 through 114. |

## V.   COOPERATION

IT IS FURTHER ORDERED that Reynolds, II must cooperate fully with Plaintiffs' representatives in this case and in any investigation related to or associated with the transactions or the occurrences that are the subject of the Complaint.  Reynolds,

II must provide truthful and complete information, evidence, and testimony. Reynolds, II must appear for interviews, discovery, hearings, trials, and any other proceedings that any Plaintiff's representative may reasonably request upon five days written notice, or other reasonable notice, at such places and times as any Plaintiff's representative may designate, without the service of a subpoena.

## VI.   MONETARY JUDGMENT

IT IS FURTHER ORDERED that judgment is hereby entered against Reynolds, II as follows:

A.   Judgment in the amount of sixty-five million, five hundred sixty-four thousand, three hundred sixty dollars ($65,564,360) is entered in favor of Plaintiffs against Reynolds, II, as equitable monetary relief;

B.   Reynolds, II shall pay seventy-five thousand dollars ($75,000) to the STCO Fund described in Section VII.E, below, within seven (7) days of entry of the Order. Upon such payment, the remainder of the judgment shall be suspended as to Reynolds, II, subject to Section VI.C-E, below;

C.   Plaintiffs' agreement to the suspension of the judgment owed by Reynolds, II is expressly premised upon the truthfulness, accuracy, and completeness of Reynolds, II's sworn financial statements and related documents (collectively, "financial representations") submitted to Plaintiffs, namely:

1.   the Financial Statement of Individual, signed on April 15, 2015, including attachments; and

2.   Reynolds, II's representations, made through his counsel, in correspondence dated March 16, 2015, March 19, 2015, March 25, 2015, and April 16, 2015;

D.   The suspension of the judgment will be lifted as to Reynolds, II if, upon motion by any Plaintiff, the Court finds that Reynolds, II failed to disclose any material asset, materially misstated the value of any asset, or made any other material

misstatement or omission in his financial representations, identified above. If the suspension of the judgment is lifted pursuant to this provision, the judgment becomes immediately due in the amount specified in Section VI.A, above, as to Reynolds, II (which the Parties stipulate for purposes only of this Section represents the consumer injury alleged in the Complaint for which Reynolds, II is liable), less any payment previously made by Reynolds, II pursuant to this Section, or by Defendant The Breast Cancer Society, Inc. pursuant to any other order entered in connection with this matter, plus interest computed from the date of entry of this Order; and

     E.    The suspension of the judgment will be lifted as to Reynolds, II if, upon motion by any Plaintiff State, the Court finds that Reynolds, II has violated any provision of Section I, above, and a judgment in the amount set forth in Section VI.A, above, less any prior payments by Defendant Reynolds, II or The Breast Cancer Society, Inc., becomes immediately due as to Reynolds, II. The judgment amount shall be payable to the moving Plaintiff State, which shall use any money collected pursuant to the requirements of Section VII.E.2, below.

**VII. ADDITIONAL MONETARY PROVISIONS**

     IT IS FURTHER ORDERED that:

     A.    Reynolds, II relinquishes dominion and all legal and equitable right, title, and interest in all assets transferred pursuant to this Order, and may not seek the return of any assets;

     B.    The facts alleged in the Complaint will be taken as true, without further proof, in any subsequent civil litigation by or on behalf of the Plaintiffs, including in a proceeding to enforce their rights to any payment or monetary judgment pursuant to this Order, such as a nondischargeability complaint in any bankruptcy case;

     C.    The facts alleged in the Complaint establish all elements necessary to sustain an action by Plaintiffs pursuant to Section 523(a)(2)(A) of the Bankruptcy Code,

11 U.S.C. § 523(a)(2)(A), and this Order will have collateral estoppel effect for such purposes;

D. Reynolds, II acknowledges that his Social Security Number, which he previously submitted to Plaintiffs, may be used for collecting and reporting on any delinquent amount arising out of this Order, in accordance with 31 U.S.C. § 7701;

E. Payment to the Plaintiff States:

1. All money paid to the Plaintiff States pursuant to this Order shall be made by wire transfer to the Litigation Deposits Trust Fund (Fund Code "T-xx-909N"), an interest bearing trust fund held by the Hawaii Attorney General's Office in trust for the Plaintiff States ("the short-term court ordered trust fund" or "STCO Fund");

2. The STCO Fund shall be used to pay: (a) pursuant to cy pres, qualifying charitable organizations with charitable purposes substantially similar to the purposes for which the Defendants named in this matter solicited funds, and (b) the Plaintiff States to reimburse costs of the investigation and to pay attorneys' fees. When payment(s) from the STCO Fund are appropriate, the Plaintiff States shall submit to this Court a Motion and Proposed Order recommending cy pres recipients and the amounts to be paid to such recipients and/or the amounts to be paid to reimburse the Plaintiff States for their costs and attorneys' fees. The Hawaii Attorney General shall distribute monies from the STCO Fund only as authorized and directed by this Court. Reynolds, II has no right to challenge any recommendations regarding monetary distributions made by the Plaintiff States.

## VIII. ORDER ACKNOWLEDGMENTS

IT IS FURTHER ORDERED that Reynolds, II provide acknowledgment of receipt of this Order:

A. Reynolds, II, within seven days of entry of this Order, must submit to Plaintiff Federal Trade Commission an acknowledgment of receipt of this Order sworn under penalty of perjury;

- 14 -

B.     For five years after entry of this Order, Reynolds, II, for any business that he, individually or collectively with any other Defendant named in this matter, is the majority owner or controls directly or indirectly, must deliver a copy of this Order to: (1) all principals, officers, directors, and LLC managers and members; (2) all employees, agents, and representatives who participate in conduct related to the subject matter of this Order; and (3) any business entity resulting from any change in structure as set forth in Section IX below.  Delivery must occur within seven days of entry of this Order for current personnel.  For all others, delivery must occur before they assume their responsibilities; and

C.     From each individual or entity to which Reynolds, II delivered a copy of this Order, Reynolds, II must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Order.

**IX.    COMPLIANCE REPORTING**

IT IS FURTHER ORDERED that Reynolds, II make timely submissions to Plaintiff Federal Trade Commission.

A.     One year after entry of this Order, Reynolds, II must submit a compliance report, sworn under penalty of perjury.  Reynolds, II must:

1.     identify all his telephone numbers and all physical, postal, email and Internet addresses, including all residences;

2.     identify all his business activities, including any business for which he performs services whether as an employee or otherwise and any entity in which he has any ownership interest;

3.     describe in detail his involvement in each such business, including title, role, responsibilities, participation, authority, control, and any ownership;

4.     identify all such businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses;

    5. describe the activities of each business, including the goods and services offered, the means of advertising, marketing, sales, methods of payment, and the involvement of any other Defendant named in this matter (which Reynolds, II must describe if he knows or should know due to his own involvement);

    6. identify the primary physical, postal, and email address and telephone number, as designated points of contact, which Plaintiffs or their representatives may use to communicate with him;

    7. for all his activities with any nonprofit organization that Reynolds, II undertakes in connection with Section I.D of this Order:

      a. identify all such nonprofit organizations by all of their names, telephone number[s], and physical, postal, email, and Internet addresses; and

      b. describe in detail his involvement in each such nonprofit organization, including any title, role, responsibilities, participation, authority, and control;

    8. describe in detail whether and how Reynolds, II is in compliance with each Section of this Order; and

    9. provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to Plaintiff Federal Trade Commission.

  B. For ten years after entry of this Order, Reynolds, II must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in the following:

    1. Reynolds, II must report any change in: (a) any designated point of contact; or (b) the structure of any entity that he has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Order, including: creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

    2. Reynolds, II must report any change in: (a) name, including aliases or fictitious names, or residence address; or (b) title or role in any business activity,

including any business for which he performs services, whether as an employee or otherwise, and any entity in which he has any ownership interest or controls, directly or indirectly, and identify the name, physical address, and any Internet address of the business or entity.

   3. If Reynolds, II is employed by any nonprofit organization in any capacity permitted by Section I.D of this Order or otherwise, he must report any change in title or role with that nonprofit organization.

 C. Reynolds, II must submit notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against him within 14 days of its filing.

 D. Any submission required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on [date] at [location]" and supplying the date, location, signatory's full name, title (if applicable), and signature.

 E. Unless otherwise directed by a Commission representative in writing, all submissions to Plaintiff Federal Trade Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to:

> Associate Director for Enforcement,
> Bureau of Consumer Protection,
> Federal Trade Commission,
> 600 Pennsylvania Avenue NW,
> Washington, DC  20580

The subject line of each submission must begin:  FTC v. Cancer Fund of America, et al.

**X. RECORDKEEPING**

IT IS FURTHER ORDERED that Reynolds, II must create certain records for ten years after entry of this Order, and retain each such record for five years. Specifically, for any business that he, individually or collectively with any other Defendant named in

this matter, is a majority owner or controls directly or indirectly, he must create and retain the following records:

    A.    Accounting records showing revenues from all goods or services sold or billed;

    B.    Personnel records showing, for each person providing services, whether as an employee or otherwise, that person's name; address; telephone number; job title or position; dates of service; and reason for termination (if applicable);

    C.    Records of all consumer complaints, whether received directly or indirectly, such as through a third party, and any response;

    D.    All records necessary to demonstrate full compliance with each provision of this Order, including all submissions to Plaintiff Federal Trade Commission; and

    E.    A copy of each unique advertisement or other marketing material.

## XI.    COMPLIANCE MONITORING

IT IS FURTHER ORDERED that, for purposes of monitoring Reynolds, II's compliance with this Order, including the accuracy of the financial representations upon which the judgment was suspended:

    A.    Within 14 days of receipt of a written request from a representative of any Plaintiff, Reynolds, II must submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents for inspection and copying.  Plaintiffs are also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69;

    B.    For matters concerning this Order, Plaintiffs are authorized to communicate directly with Reynolds, II.  Reynolds, II must permit representatives of any Plaintiff to interview any employee or other person affiliated with him who has agreed to such an interview.  The person interviewed may have counsel present;

C. Plaintiffs may use all other lawful means, including posing, through their representatives, as consumers, suppliers, or other individuals or entities, to Reynolds, II or any individual or entity affiliated with him, without the necessity of identification or prior notice. Nothing in this Order limits Plaintiff Federal Trade Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1, or the Plaintiff States' lawful use of relevant state laws governing pre-suit investigation and discovery; and

D. Upon written request from a representative of the Commission or any Plaintiff State, any consumer reporting agency must furnish a consumer report concerning Reynolds, II pursuant to Section 604(1) of the Fair Credit Reporting Act, 15 U.S.C. §1681b(a)(1).

## XII. RETENTION OF JURISDICTION

IT IS FURTHER ORDERED that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

## XIII. STATE COURT ENFORCEMENT

Without limiting the above provisions, Reynolds, II agrees that the provisions of Sections I, II, and IV of this Order may be enforced by any Plaintiff State in a court of general jurisdiction in that Plaintiff's state if that Plaintiff State has reason to believe that persons in its state have been affected. Reynolds, II consents to any such court's jurisdiction for purposes of enforcing the terms of Sections I, II, and IV of this Order.

Dated this 21st day of May, 2015.

_____
Neil V. Wake
United States District Judge