J. Michael Winchester (Pro Hac Vice)
Winchester, Sellers, Foster & Steele, P.C.
800 South Gay St., Ste. 1000
Knoxville, TN 37929
Telephone:  865-637-1980
Facsimile:  865-637-4489
mwinchester@wsfs-law.com
Attorneys for First Tennessee Bank National
Association

Kevin J. Parker (#010408)
Benjamin W. Reeves (#025708)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren, Suite 1900
Phoenix, Arizona  85004-2202
Telephone:  602.382.6000
Facsimile:  602.382.6070
breeves@swlaw.com
kparker@swlaw.com
Attorneys for First Tennessee Bank National
Association

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Federal Trade Commission; all Fifty States; and the District of Columbia;<br><br>               Plaintiffs,<br><br>vs.<br><br>Cancer Fund of America, Inc., a Delaware corporation, et al.;<br><br>               Defendants. | No. CV-15-00884-PHX-NVW<br><br>**MOTION FOR ENTRY OF STIPULATED ORDER APPROVING RECEIVER'S AGREEMENT WITH FIRST TENNESSEE BANK AND NATIONAL ASSOCIATION AND RESOLVING MOTION TO MODIFY STIPULATED ORDERS** |

**FIRST TENNESSEE BANK NATIONAL ASSOCIATION** (the "**Bank**"), by and through undersigned counsel, gives notice that it has reached an agreement with Receivership Management, Inc., the Receiver in this action (the "**Receiver**"), that resolves the pending "Motion to Modify Stipulated Orders for Permanent Injunction and Appointing Receiver Over Children's Cancer Fund of America, Inc. With Request for Expedited Hearing and Other Relief filed by the Bank" [Doc. 79] filed on June 5, 2015

1   (the "**Motion**").  Generally, the compromise, which is memorialized in a letter agreement

2   dated June 12, 2015 (the "**Letter Agreement**"),[1] allows the Receiver to utilize some funds

3   held by Bank, preserves Bank's setoff rights and collateral interests, and gives the

4   Receiver nine (9) calendar months to complete an orderly liquidation of Bank's real

5   property collateral.   Accordingly, Bank requests that the Court approve the Letter

6   Agreement.  *See Hudson v. Grand Deposit Min. Co.*, 458 F.2d 1202, 1205 (9th Cir. 1972)

7   (affirming district court's approval of receiver's compromise because "the court had full

8   power and authority to approve the compromise and settlement").

9          WHEREFORE, BANK requests that the Court approve the Letter Agreement.  A

10  proposed form of "Stipulated Order Approving Receiver's Agreement With First

11  Tennessee Bank National Association and Resolving Motion to Modify Stipulated

12  Orders" signed by Bank and the Receiver is attached as Exhibit 1 and lodged herewith.

13         RESPECTFULLY SUBMITTED, this 17th day of June, 2015.

14

15                              **FIRST TENNESSEE BANK NATIONAL**
                                **ASSOCIATION**

16

17                              By /s/ J. Michael Winchester
                                    J. Michael Winchester (Pro Hac Vice)
18                                  Suite 1000, First Tennessee Plaza
                                    800 South Gay Street
19                                  Knoxville, Tennessee 37919
                                    Attorney for First Tennessee Bank National
20                                  Association

21                              **SNELL & WILMER L.L.P.**

22

23                              By /s/ Benjamin W. Reeves
                                    Kevin J. Parker (#010408)
24                                  Benjamin W. Reeves(#025708)
                                    One Arizona Center
25                                  400 E. Van Buren
                                    Phoenix, Arizona 85004-2202
26                                  Attorneys for First Tennessee Bank National
                                    Association

27

28   ――――――――――――――――
     [1]      A copy of the Letter Agreement is attached to the proposed order submitted with
     this motion.

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
602.382.6000

21797773

21880061

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and exact copy of the foregoing Motion was filed electronically and served by operation of the ECF system upon all parties this 17th day of June, 2015.


**FIRST TENNESSEE BANK NATIONAL ASSOCIATION**


/s/ Lisa Norris
Lisa Norris

21797773

21880061

# EXHIBIT 1

1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                              FOR THE DISTRICT OF ARIZONA

10

11   Federal Trade Commission; all Fifty States;          No. CV-15-00884-PHX-NVW
     and the District of Columbia;

12

13                  Plaintiffs,                            **STIPULATED ORDER APPROVING
                                                           RECEIVER'S AGREEMENT WITH
14   vs.                                                   FIRST TENNESSEE BANK
                                                           NATIONAL ASSOCIATION AND
15   Cancer Fund of America, Inc., a Delaware              RESOLVING MOTION TO
     corporation, et al.;                                  MODIFY STIPULATED ORDERS**

16                  Defendants.

17

18        **FIRST TENNESSEE BANK NATIONAL ASSOCIATION** (the "**Bank**") and

19   **RECEIVERSHIP MANAGEMENT, INC.** as liquidating receiver ("**Receiver**") agree

20   and stipulate to the entry of this Stipulated Order Approving Receiver's Agreement with

21   First Tennessee Bank National Association and Resolving Motion to Modify Stipulated

22   Orders ("**Order**") to resolve the pending Motion to Modify Stipulated Orders for

23   Permanent Injunction and Appointing Receiver Over Children's Cancer Fund of America,

24   Inc. With Request for Expedited Hearing and Other Relief filed by the Bank [Doc. 79] on

25   June 5, 2015 (the "**Motion**") pursuant to the terms of an agreement contained in a letter

26   dated June 12, 2015 (the "**Letter Agreement**") attached hereto as Exhibit A, and would

27   jointly represent to the Court that said Letter Agreement resolves any disputes between

28   the Bank and the Receiver relating to assets of Children's Cancer Fund of America

21878911

1    ("CCFOA") and protects the claims, rights, or interests of Bank in assets of CCFOA

2    subject to setoff and mortgage rights and interest more particularly described in the

3    Motion and Letter Agreement, and that said Letter Agreement is in the best interest of the

4    Receivership by providing funds needed for the administration of the Receivership as well

5    as granting time to allow an orderly liquidation of Receivership assets without

6    unnecessary legal expense, inconvenience, or delay.

7        THEREFORE, it is ORDERED as follows:

8                      **FINDINGS**

9        1.     The Bank and the Receiver for CCFOA have consented to the entry of a

10   Stipulated Order Approving Receiver's Agreement with First Tennessee Bank National

11   Association and Resolving Motion to Modify Stipulated Orders on the terms stated in a

12   Letter Agreement attached as Exhibit A to this Order.

13        2.     That the Bank and Receiver have represented to the Court, and this Court

14   finds that the Letter Agreement resolves issues raised by the Motion filed by the Bank

15   relating to certain assets of CCFOA in which the Bank claims setoff and rights as a

16   secured creditor, and also recovers assets for the Receivership to satisfy the monetary

17   judgment entered against CCFOA consistent with previous Orders of this Court.

18   Accordingly, the Receiver's decision to enter into the Letter Agreement is in the best

19   interests of the Receivership Estate.

20        3.     That the entry of this Stipulated Order will resolve the issues raised by the

21   Motion [Doc. 79] filed by the Bank on June 5, 2015, without a hearing or other delay.

22        Accordingly, it is ORDERED as follows:

23        A.     That this Stipulated Order is GRANTED according to the terms of the Letter

24   Agreement attached hereto as Exhibit A;

25        B.     That the Motion [Doc. 79] filed by the Bank is denied as moot, without

26   prejudice;

27        C.     That the Receiver's decision to enter into the Letter Agreement, and the

28   Letter Agreement itself, is APPROVED and RATIFIED;

21878911

1       D.     That the Receiver is hereby authorized to proceed forward with the terms of

2  the Letter Agreement with the Bank along with such payments and disbursements from

3  the assets of CCFOA that are necessary or advisable for carrying out the provisions and

4  authority granted by previous Orders of this Court, including payments and disbursements

5  to the Bank to secure and liquidate assets of CCFOA as stated in the Letter Agreement;

6  and

7       E.     That the Bank is hereby granted leave of Court pursuant to the previous

8  Stipulated Order for Permanent Injunction [Doc. 13] and Stipulated Order Appointing

9  Receiver [Doc. 57] over CCFOA to the extent necessary to take actions and assert

10  remedies consistent with, and limited to, the terms and provisions of the Letter Agreement

11  with the Receiver attached hereto as Exhibit A, without further Order of the Court.

12       F.     That said parties hereto agree to timely perform under and according to the

13  provisions and obligations set forth in the Letter Agreement.   This Court shall retain

14  jurisdiction over any alleged failures to perform under the terms of the Letter Agreement

15  by either party.

16  SO STIPULATED AND AGREED:

17

18                            **FOR FIRST TENNESSEE BANK**
                                   **NATIONAL ASSOCIATION**

19  June 16, 2015

20                             By

21                             J. Michael Winchester (BPR #6049)
                             (Pro Hac Vice)

22                             Suite 1000, First Tennessee Plaza
                             800 South Gay Street

23                             Knoxville, Tennessee 37929
                             Attorney for First Tennessee Bank National

24                             Association

25                             **FOR RECEIVERSHIP MANAGEMENT, INC.**
                             (Receiver)

26  June 16, 2015

27

28                           By

1

783 Old Hickory Blvd., Ste. 255
Brentwood, Tennessee 37027

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

21878911

# EXHIBIT A



**FIRST TENNESSEE**

*All Things Financial*

June 12, 2015

*Sent via email only*

Receiver Management, Inc.
Attn: Rob Moore
783 Old Hickory Blvd., Ste. 255
Brentwood, TN 37027

   **Re: Children's Cancer Fund of America, Inc.**
     **Receivership in U.S. District Court for Arizona**
     **Loan and Deposit Accounts at First Tennessee Bank N.A.**

Dear Mr. Moore:

   This letter will attempt to summarize our exchange of emails and discussions as part of an attempt by Receiver Management, Inc. as liquidating receiver ("**Receiver**") for Children's Cancer Fund of America (**CCFOA**) and First Tennessee Bank National Association (the "**Bank**") to finalize an agreement in this matter. Specifically, without either party waiving any rights relating to CCFOA matters and the pending Receivership, the following workout terms are proposed by the Bank in response to your latest email of June 8, 2015, subject to any Court approval that may be required:

   1. The Bank will release $30,000.00 from the CCFOA deposit accounts (the "**Accounts**") to the Receiver being held pursuant to the administrative freeze and setoff rights of the Bank with the net aggregate balance of deposit funds to be disbursed and/or subject to the following:

     *(a)* The Bank will retain sufficient funds in Deposit Account No. -0448 to make interest-only payments on Commercial Loan No. -9209 of CCFOA ("**Loan**") for the next nine (9) consecutive months calculated at the current contract interest rate of 6.47% and not the default interest rate permitted by the terms of the loan documents;

     *(b)* The remaining funds in the Accounts of CCFOA will immediately be disbursed to the Bank to pay any accrued interest, loan charges, attorney's fees or other costs associated with these matters as permitted by the loan documents, with the remaining net amount being applied to the principal balance of Loan No. -9209; and

     *(c)* The $30,000.00 payment to the Receiver shall be wire transferred to a Receivership Account designated by the Receiver in another federally-insured bank.

   2. The Bank will postpone and forbear foreclosure or other collection proceedings against its Collateral described in the Deed of Trust securing Commercial Loan No. -9209 for up to nine (9) calendar months to allow the Receiver to liquidate and sell the Collateral, provided that the proceeds of any sale be first paid on the remaining balance of the commercial loan secured by the Collateral. The Bank will agree to customary and reasonable closing and/or costs of sale of the Collateral to be paid from proceeds of the sale

First Tennessee Bank National Association
P.O. Box 28100
Nashville, TN 37202



EXHIBIT

*A*

reasonable closing and/or costs of sale of the Collateral to be paid from proceeds of the sale subject to review and approval by Bank. The Receiver shall maintain and provide proof of insurance on the Collateral at all times with the Bank listed as Mortgagee. The Receiver agrees to occupy the building comprising the Bank's Collateral and to maintain the property at all material times, including the payment of utilities, taxes, insurance, upkeep, and to otherwise comply with the terms and conditions of the Trust Deed and Collateral documents;

3.      The Bank retains the right to object to any proposed sale that it determines is less than fair market value for the Collateral at the time of sale. No listing or sales contract shall extend beyond nine (9) months from the date of entry of the proposed Agreed/Stipulated Order approving these terms, and the Collateral shall not be subject to any additional liens or charges that impact the Trust Deed priority, or otherwise. Any dispute regarding the sufficiency of any offer for sale of the Collateral would be resolved by the court;

4.      The Bank will have no objection to furniture, fixtures, or other contents of the building being priced and sold through electronic media or sold in the normal course of a business dissolution by the Receiver except that any property or equipment affixed to the real estate as fixtures and constituting Collateral for the Loan will remain with the building and will not be sold separately without the Bank's consent;

5.      If a sale of the Collateral has not closed on the terms stated herein within nine (9) months, and if there is no pending contract on acceptable terms to the Bank at such deadline, the Bank may proceed to foreclosure of its security interest and mortgage on its Collateral, applying net proceeds to the Loan and any reasonable and necessary costs or expenses of sale, including legal and brokerage fees, which would be paid from the proceeds of sale of the building and not funds held or retained by the Bank or funds released to the Receiver. Any excess proceeds from the sale will be paid to the Receiver with an accounting of the disposition of all proceeds of any sale, whether by the Receiver or the Bank;

6.      The Receiver will not continue to operate or maintain any of the Accounts at CCFOA at the Bank EXCEPT that the bank agrees to allow the Accounts to remain open for further interest payments on the Loan described above and receipt of deposits, but will otherwise be subject to a debit block except pursuant to instructions received from the Receiver or by order of the court; however, the Receiver agrees not to operate any of the Accounts of CCFOA at the Bank for its general operation purposes. Any further deposits into the Accounts of CCFOA at the Bank will be remitted to the Receiver or pursuant to its written instructions, but the Receiver will not draft checks or make other deposits to the Accounts, and the Bank will not be subject to any liability to the Receiver or third parties or any checks returned on any of the Accounts. The Accounts shall remain subject to the terms of the Depositor Agreement at the Bank for all other purposes; and

7.      The Bank will be entitled to recover any and all of its reasonable fees, expenses, and other charges applicable to its Collateral, including reasonable attorney's fees, for any

Page 3

activity required in the Receivership or any other litigation or other proceeding that may require action by the Bank to protect its rights in the Accounts and Collateral, and all such fees and expenses shall remain secured by the Collateral consistent with the terms of the Bank's loan documents.

The parties will continue to cooperate with the each other throughout this process and to obtain court approval through an agreed order in the United States District Court of Arizona to confirm the authority, rights, and actions referenced above, which will also include a resolution of the pending Motion filed by the Bank in the court proceedings. The Bank's attorneys will prepare an agreed order for review by the Receiver and its legal counsel as soon as you confirm and accept the terms of this workout proposal contained herein by executing and returning the acceptance on this letter as indicated below. Please let me know if there are any questions.

Sincerely,

**FIRST TENNESSEE BANK NATIONAL ASSOCIATION**

By

Durham Pettigrew, Special Assets

APPROVED AND ACCEPTED, SUBJECT TO ANY NECESSARY COURT APPROVAL, THIS _12th_ DAY OF JUNE, 2015.

**RECEIVER MANAGEMENT, INC. ("RECEIVER")**

By: _June S. Nugent_

Title: _President, Receivership Management Inc._