1

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                         FOR THE DISTRICT OF ARIZONA

8

9   Federal Trade Commission, et al.,        No. CV-15-00884-PHX-NVW

10                 Plaintiffs,                **STIPULATED ORDER APPROVING
                                              RECEIVER'S AGREEMENT WITH
11  v.                                        FIRST TENNESSEE BANK
                                              NATIONAL ASSOCIATION AND
12  Cancer Fund of America Incorporated, et   RESOLVING MOTION TO MODIFY
    al.,                                      STIPULATED ORDERS**
13
                   Defendants.
14

15

16          **FIRST TENNESSEE BANK NATIONAL ASSOCIATION** (the "**Bank**") and

17  **RECEIVERSHIP MANAGEMENT, INC.** as liquidating receiver ("**Receiver**") agree

18  and stipulate to the entry of this Stipulated Order Approving Receiver's Agreement with

19  First Tennessee Bank National Association and Resolving Motion to Modify Stipulated

20  Orders ("**Order**") to resolve the pending Motion to Modify Stipulated Orders for

21  Permanent Injunction and Appointing Receiver Over Children's Cancer Fund of

22  America, Inc. With Request for Expedited Hearing and Other Relief filed by the Bank

23  [Doc. 79] on June 5, 2015 (the "**Motion**") pursuant to the terms of an agreement

24  contained in a letter dated June 12, 2015 (the "**Letter Agreement**") attached hereto as

25  Exhibit A, and would jointly represent to the Court that said Letter Agreement resolves

26  any disputes between the Bank and the Receiver relating to assets of Children's Cancer

27  Fund of America ("**CCFOA**") and protects the claims, rights, or interests of Bank in

28  assets of CCFOA subject to setoff and mortgage rights and interest more particularly

1  described in the Motion and Letter Agreement, and that said Letter Agreement is in the

2  best interest of the Receivership by providing funds needed for the administration of the

3  Receivership as well as granting time to allow an orderly liquidation of Receivership

4  assets without unnecessary legal expense, inconvenience, or delay.

5           THEREFORE, it is ORDERED as follows:

6                                        **FINDINGS**

7           1.      The Bank and the Receiver for CCFOA have consented to the entry of a

8  Stipulated Order Approving Receiver's Agreement with First Tennessee Bank National

9  Association and Resolving Motion to Modify Stipulated Orders on the terms stated in a

10 Letter Agreement attached as Exhibit A to this Order.

11          2.      That the Bank and Receiver have represented to the Court, and this Court

12 finds that the Letter Agreement resolves issues raised by the Motion filed by the Bank

13 relating to certain assets of CCFOA in which the Bank claims setoff and rights as a

14 secured creditor, and also recovers assets for the Receivership to satisfy the monetary

15 judgment entered against CCFOA consistent with previous Orders of this Court.

16 Accordingly, the Receiver's decision to enter into the Letter Agreement is in the best

17 interests of the Receivership Estate.

18          3.      That the entry of this Stipulated Order will resolve the issues raised by the

19 Motion [Doc. 79] filed by the Bank on June 5, 2015, without a hearing or other delay.

20          Accordingly, it is ORDERED as follows:

21          A.      That this Stipulated Order is GRANTED according to the terms of the

22 Letter Agreement attached hereto as Exhibit A;

23          B.      That the Motion [Doc. 79] filed by the Bank is denied as moot, without

24 prejudice;

25          C.      That the Receiver's decision to enter into the Letter Agreement, and the

26 Letter Agreement itself, is APPROVED and RATIFIED;

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

D.     That the Receiver is hereby authorized to proceed forward with the terms of the Letter Agreement with the Bank along with such payments and disbursements from the assets of CCFOA that are necessary or advisable for carrying out the provisions and authority granted by previous Orders of this Court, including payments and disbursements to the Bank to secure and liquidate assets of CCFOA as stated in the Letter Agreement; and

E.     That the Bank is hereby granted leave of Court pursuant to the previous Stipulated Order for Permanent Injunction [Doc. 13] and Stipulated Order Appointing Receiver [Doc. 57] over CCFOA to the extent necessary to take actions and assert remedies consistent with, and limited to, the terms and provisions of the Letter Agreement with the Receiver attached hereto as Exhibit A, without further Order of the Court.

F.     That said parties hereto agree to timely perform under and according to the provisions and obligations set forth in the Letter Agreement.  This Court shall retain jurisdiction over any alleged failures to perform under the terms of the Letter Agreement by either party.

Dated this 22nd day of June, 2015.

_____
Neil V. Wake
United States District Judge

- 3 -

# EXHIBIT A



**FIRST TENNESSEE**

*All Things Financial.*

June 12, 2015

*Sent via email only*

Receiver Management, Inc.
Attn: Rob Moore
783 Old Hickory Blvd., Ste. 255
Brentwood, TN 37027

      **Re:    Children's Cancer Fund of America, Inc.**
              **Receivership in U.S. District Court for Arizona**
              **Loan and Deposit Accounts at First Tennessee Bank N.A.**

Dear Mr. Moore:

      This letter will attempt to summarize our exchange of emails and discussions as part of an attempt by Receiver Management, Inc. as liquidating receiver ("**Receiver**") for Children's Cancer Fund of America (**CCFOA**) and First Tennessee Bank National Association (the "**Bank**") to finalize an agreement in this matter. Specifically, without either party waiving any rights relating to CCFOA matters and the pending Receivership, the following workout terms are proposed by the Bank in response to your latest email of June 8, 2015, subject to any Court approval that may be required:

      1.    The Bank will release $30,000.00 from the CCFOA deposit accounts (the "**Accounts**") to the Receiver being held pursuant to the administrative freeze and setoff rights of the Bank with the net aggregate balance of deposit funds to be disbursed and/or subject to the following:

          *(a)*    The Bank will retain sufficient funds in Deposit Account No. -0448 to make interest-only payments on Commercial Loan No. -9209 of CCFOA ("**Loan**") for the next nine (9) consecutive months calculated at the current contract interest rate of 6.47% and not the default interest rate permitted by the terms of the loan documents;

          *(b)*    The remaining funds in the Accounts of CCFOA will immediately be disbursed to the Bank to pay any accrued interest, loan charges, attorney's fees or other costs associated with these matters as permitted by the loan documents, with the remaining net amount being applied to the principal balance of Loan No. -9209; and

          *(c)*    The $30,000.00 payment to the Receiver shall be wire transferred to a Receivership Account designated by the Receiver in another federally-insured bank.

      2.    The Bank will postpone and forbear foreclosure or other collection proceedings against its Collateral described in the Deed of Trust securing Commercial Loan No. -9209 for up to nine (9) calendar months to allow the Receiver to liquidate and sell the Collateral, provided that the proceeds of any sale be first paid on the remaining balance of the commercial loan secured by the Collateral. The Bank will agree to customary and reasonable closing and/or costs of sale of the Collateral to be paid from proceeds of the sale

First Tennessee Bank National Association
P.O. Box 28100
Nashville, TN 37202



EXHIBIT
A

Page 2

reasonable closing and/or costs of sale of the Collateral to be paid from proceeds of the sale subject to review and approval by Bank. The Receiver shall maintain and provide proof of insurance on the Collateral at all times with the Bank listed as Mortgagee. The Receiver agrees to occupy the building comprising the Bank's Collateral and to maintain the property at all material times, including the payment of utilities, taxes, insurance, upkeep, and to otherwise comply with the terms and conditions of the Trust Deed and Collateral documents;

3.      The Bank retains the right to object to any proposed sale that it determines is less than fair market value for the Collateral at the time of sale. No listing or sales contract shall extend beyond nine (9) months from the date of entry of the proposed Agreed/Stipulated Order approving these terms, and the Collateral shall not be subject to any additional liens or charges that impact the Trust Deed priority, or otherwise. Any dispute regarding the sufficiency of any offer for sale of the Collateral would be resolved by the court;

4.      The Bank will have no objection to furniture, fixtures, or other contents of the building being priced and sold through electronic media or sold in the normal course of a business dissolution by the Receiver except that any property or equipment affixed to the real estate as fixtures and constituting Collateral for the Loan will remain with the building and will not be sold separately without the Bank's consent;

5.      If a sale of the Collateral has not closed on the terms stated herein within nine (9) months, and if there is no pending contract on acceptable terms to the Bank at such deadline, the Bank may proceed to foreclosure of its security interest and mortgage on its Collateral, applying net proceeds to the Loan and any reasonable and necessary costs or expenses of sale, including legal and brokerage fees, which would be paid from the proceeds of sale of the building and not funds held or retained by the Bank or funds released to the Receiver. Any excess proceeds from the sale will be paid to the Receiver with an accounting of the disposition of all proceeds of any sale, whether by the Receiver or the Bank;

6.      The Receiver will not continue to operate or maintain any of the Accounts at CCFOA at the Bank EXCEPT that the bank agrees to allow the Accounts to remain open for further interest payments on the Loan described above and receipt of deposits, but will otherwise be subject to a debit block except pursuant to instructions received from the Receiver or by order of the court; however, the Receiver agrees not to operate any of the Accounts of CCFOA at the Bank for its general operation purposes. Any further deposits into the Accounts of CCFOA at the Bank will be remitted to the Receiver or pursuant to its written instructions, but the Receiver will not draft checks or make other deposits to the Accounts, and the Bank will not be subject to any liability to the Receiver or third parties or any checks returned on any of the Accounts. The Accounts shall remain subject to the terms of the Depositor Agreement at the Bank for all other purposes; and

7.      The Bank will be entitled to recover any and all of its reasonable fees, expenses, and other charges applicable to its Collateral, including reasonable attorney's fees, for any

Page 3

activity required in the Receivership or any other litigation or other proceeding that may require action by the Bank to protect its rights in the Accounts and Collateral, and all such fees and expenses shall remain secured by the Collateral consistent with the terms of the Bank's loan documents.

The parties will continue to cooperate with the each other throughout this process and to obtain court approval through an agreed order in the United States District Court of Arizona to confirm the authority, rights, and actions referenced above, which will also include a resolution of the pending Motion filed by the Bank in the court proceedings. The Bank's attorneys will prepare an agreed order for review by the Receiver and its legal counsel as soon as you confirm and accept the terms of this workout proposal contained herein by executing and returning the acceptance on this letter as indicated below. Please let me know if there are any questions.

Sincerely,

FIRST TENNESSEE BANK NATIONAL
ASSOCIATION

By
Durham Pettigrew, Special Assets

APPROVED AND ACCEPTED, SUBJECT TO ANY NECESSARY COURT APPROVAL, THIS ___ DAY OF JUNE, 2015.

RECEIVER MANAGEMENT, INC. ("RECEIVER")

By: _____
Title: President, Receivership Management Inc.