**MARK BRNOVICH**
**ATTORNEY GENERAL**
(Firm State Bar No. 14000)
**NANCY VOTTERO ANGER** (NO. 006810)
**ASSISTANT ATTORNEY GENERAL**
**MATTHEW DU MEE** (NO. 028468)
**ASSISTANT ATTORNEY GENERAL**
**OFFICE OF THE ATTORNEY GENERAL**
1275 West Washington Street
Phoenix, Arizona 85007-2997
Telephone: (602) 542-8327
Facsimile: (602) 542-4377
*Attorneys for the Plaintiff States*
consumer@azag.gov

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| FEDERAL TRADE COMMISSION; all 50 states and the DISTRICT OF COLUMBIA,<br><br>    Plaintiffs,<br>        vs.<br><br>CANCER FUND OF AMERICA, INC., a Delaware corporation, *et al*.;<br><br>    Defendant(s) | Civil Action No.:  2:15-cv-00884-NVW<br><br>**PLAINTIFFS' MEMORANDUM IN SUPPORT OF RECEIVER'S DENIAL OF CLAIM OF GRACE COMMUNICATIONS INC., DBA CHARITY SERVICES INTERNATIONAL, AGAINST CHILDREN'S CANCER FUND OF AMERICA; DECLARATIONS OF ERIC SETALA AND SONJA K. BERNDT AND EXHIBITS IN SUPPORT THEREOF** |

## I.    INTRODUCTION

Plaintiffs the Federal Trade Commission, All 50 States (except Oklahoma), and the District of Columbia, recommend that this Court adopt the recommendation of the Receiver for Children's Cancer Fund of America, Inc. ("Children's Cancer Fund" or "CCFOA") and deny the claim submitted by Grace Communications, Inc., d/b/a Charity Services International ("CSI").  This filing is made pursuant to paragraph 5.2 of the Order Establishing Procedures for the Adjudication of Claims Against Defendants the Breast

Cancer Society, Inc., and Children's Cancer Fund of America, Inc. ("Claims Order") (Doc. No. 210), which states that "[t]he Receiver, or any Claimant or other party in interest may file an objection to any Claim as provided in this Order." Given that Plaintiffs have a Stipulated Monetary Judgment against Children's Cancer Fund for $30,079,821, and that the proceeds of its liquidation are to be paid to the state plaintiffs (*see* Doc. No. 13, Section VII), Plaintiffs are interested parties.

## II.   BACKGROUND ON CHARITY SERVICES INTERNATIONAL

To mask high administrative and fundraising costs, which the donating public views unfavorably, Defendants in this action, including Children's Cancer Fund, through the support and efforts of CSI, embarked on an extensive scheme involving shipping gift-in-kind goods (noncash goods such as pharmaceuticals) internationally.  Significantly, CSI explicitly promoted its gift-in-kind program as a method for Children's Cancer Fund to reduce fundraising percentages by booking large noncash gift values.  (*See* Ex. 1, attached to Declaration of Eric Setala ["Setala Decl."] at p. 5, where CSI's VP, Darin Martin, tells Rose Perkins "I have a shipment [listed below] that just came in worth $1.6 million.  This one shipment would bring [Children's Cancer Fund's] cost of fundraising from 85% down to 68% [based on CCFOA's 2007 form 990].")  The vast majority of the goods shipped were pharmaceuticals that, in numerous instances, could not be distributed or sold in the United States.  Children's Cancer Fund's participation in this scheme was limited to paying shipping costs and broker's fees to CSI, ostensibly to ship containers of goods to organizations in developing countries – but Children's Cancer Fund reported the full value of the shipments as if the prescription medicine and other goods had been donated to, and distributed by it.  Defendants, including Children's Cancer Fund, exclusively used CSI, a for-profit entity, to facilitate (broker) their gift-in-kind transactions.

CSI provided Children's Cancer Fund with information about "available" shipments of gifts in kind such as pharmaceuticals to be shipped to pre-selected foreign recipients. The information CSI provided included shipping costs, the fees charged by

CSI, the estimated value of the shipment, the goods in the shipment, and the destination and end recipient of the shipment.  If Children's Cancer Fund agreed to accept the so-called "donation opportunity," CSI would arrange to ship the goods and provide Children's Cancer Fund with paperwork supposedly documenting Children Cancer Fund's receipt of the donated gift-in-kind goods from an earlier "predecessor" donor, the value of the donated goods, and Children's Cancer Fund's distribution of the goods to the foreign end recipient.  CSI created most of the documents for this process, including documents purporting to transfer title of the donated goods from the earlier "predecessor" donor to Children's Cancer Fund, documents purporting to provide values for the goods, documents purporting to verify receipt of the goods by foreign end recipients, and documents discussing the end recipient's purported further distribution of the goods. Children's Cancer Fund then used this documentation to support reporting, as contribution revenue and program expense, the value of the gifts in kind set up by CSI. Plaintiffs alleged that Children's Cancer Fund's reporting of the gift-in-kind shipments facilitated by CSI was deceptive.  (*See* Complaint, Counts III, IV, and V [Doc. No. 7].)

In its Claims Report for Children's Cancer Fund, the Receiver recommended that the Court deny CSI's claim, noting as follows:  "Since this claim arises from activities that are in support and aid of the fraudulent conduct by the Corporate Defendants that led to the filing of this lawsuit and the appointment of a Receiver for Children's Cancer Fund of America, the Receiver recommends denial of this claim."  (Doc. 319, at p. 14.) Plaintiffs concur with the Receiver's conclusion and recommendation and, for this reason, file this memorandum supporting the Receiver's recommendation that CSI's claim be denied.

## III.   CSI'S CLAIM SHOULD BE DENIED.

### A.   The Claim.

CSI timely submitted a Proof of Claim to the Receiver for payment of two outstanding invoices: (1) $11,897 that Children's Cancer Fund allegedly owed CSI on Invoice #CCFOA2014-WA16, dated April 22, 2014; and (2) $39,600 that Children's

Cancer Fund allegedly owed CSI on Invoice #CCFOA2014-WA39, dated October 2, 2014. These invoices relate to services that CSI claimed to have provided Children's Cancer Fund in connection with two international shipments of gifts in kind, the values for which Children's Cancer Fund originally intended to report as contribution revenue and program expense in 2014.[1]

The Receiver initially denied CSI's claim and CSI objected.  With its objections, CSI submitted supporting documentation to the Receiver ("CSI's Objections") purporting to substantiate its claims of contractual performance.  However, as discussed below, the "supporting" documents filed by CSI with the Receiver illustrate the inadequacies of CSI's "services" and fail to demonstrate that CSI provided Children's Cancer Fund all the promised services in several critical ways.

Pursuant to the Claims Order, the Receiver has now filed both CSI's Objections and its response, and recommended that the Court deny CSI's claim.

In its Objections, CSI claims that it performed all contractual services in good faith, with the reasonable expectation that Children's Cancer Fund would pay the two invoices at issue.  The March 26, 2013 Memorandum of Understanding ("2013 MOU") with Children's Cancer Fund that CSI enclosed with its Objections listed services CSI was to provide Children's Cancer Fund in connection with international shipments of gifts in kind.  CSI's promised Administrative Support Services are stated as "Fair value research," "Proof of value," "Documentation management," and "Audit support." Logistics services are stated as "Obtain shipping approval from [Children's Cancer

---

[1] Children's Cancer Fund failed to file its 2014 IRS Form 990 prior to the May 2015 entry of the Permanent Injunction and appointment of a Receiver.  Thus, the Receiver was responsible for completing the 2014 IRS Form 990.  The Receiver's accountant chose not to report the values of the two shipments at issue, noting "The Receiver and its accounting firm cannot verify if these transactions were actual occurrences, or entries fabricated to inflate the revenue and expenses designed to create the illusion that the organization was larger and more efficient with donors' dollars that they actually were. Therefore, these amounts are not reported on Form 990 or Schedule F."  (Children's Cancer Fund 2014 IRS Form 990, Form 8275, p.2, available at http://www.guidestar.org/FinDocuments/2014/201/226/2014-201226416-0c46e6ae-9.pdf.)

Fund's] program partner," "Arrange shipping," "Shipping management," "Proof of existence," and "Distribution follow-up." (*See* Doc. No. 354, Ex. G, at p. 2.) These terms are vague, undefined, and unexplained, but should be construed in a manner consistent with the course of conduct between the parties as established in the original Memorandum of Understanding between the parties signed on February 13, 2009 ("the 2009 MOU"), which defined these terms in greater detail.[2]

In the first paragraph of the 2009 MOU, CSI declares that it is a "full service turn-key gifts-in-kind provider that functions like an in-house gift-in-kind department enabling charities to receive donated goods." It states that the charity, here Children's Cancer Fund, is in control of the donated goods throughout the entire process. The 2009 MOU further states that CSI will process the transference of title and ownership of the donated goods from the donor to Children's Cancer Fund. The 2009 MOU more specifically provides that CSI will:

- <u>Find and process</u>, at the request of Children's Cancer Fund, specified goods available for donation that are listed in Children's Cancer Fund's request for donation letter;
- <u>Audit the value</u> of the donated goods according to fair value measurements as explained by FASB 157;
- <u>Handle the logistics</u> and arrange the shipping and handling of Children's Cancer Fund goods to the consignee of their choice;
- <u>Handle the processing of all documentation</u>.

The 2009 MOU further provides in footnotes that the donations are in compliance with Financial Accounting Standards Board ("FASB") Statement Nos. 116, 136, and 157. Footnote 1 states that these donations are from *the original donor* and are given without conditions, except that they are not to be sold or bartered. The 2013 MOU did not alter

---

[2] The 2009 MOU is attached to the Setala Declaration as Exhibit 2. The authenticity of exhibits attached to Plaintiffs' Memorandum other than Exhibits 6 and 7 is established by the attached declaration of Eric Setala. The authenticity of Exhibits 6 and 7 are established by the attached declaration of Sonja K. Berndt ("Berndt Decl.").

the services CSI promised to provide Children's Cancer Fund in the 2009 MOU; it simply shortened the explanation of those services.

**B.     CSI Failed to Perform on Its Contractual Promises to Children's Cancer Fund and Its Claim Should Be Denied.**

Under the terms of both MOUs, CSI was to provide a method by which gifts-in-kind donations to Children's Cancer Fund would be processed and accounted for in a legitimate and legally compliant way.  CSI failed to provide the promised services and as a result, as alleged in Plaintiffs' Complaint, Children's Cancer Fund did not process and account for its international gift-in-kind donations in a lawful and legitimate way.

**1.     CSI failed to provide Children's Cancer Fund with clear title and ownership of the donated goods.**

CSI failed to establish that it processed the transfer of title and ownership of the donated goods from *the original donor* to Children's Cancer Fund.  As explained by Brian C. O'Brien, an expert in accounting principles applicable to not-for-profit organizations, "[a] gift in kind ['GIK'] received by a not-for-profit organization is a form of contribution revenue that would be recorded by the organization as revenue if it meets certain criteria for recognition as outlined within FASB ASC 958-605.  Under these criteria, an organization receiving GIK can recognize its value as revenue if it has ownership of the GIK and is not acting as an agent or 'pass through,' i.e., it has discretion ['variance power'] in using or distributing the GIK.  If the organization is acting as a mere agent or 'pass through' in a GIK transaction, it cannot claim ownership of the GIK and, under U.S. GAAP, the organization would not record contribution revenue related to the GIK."  (Doc. No. 278, Ex. 11, at p. 269.)

While CSI's Objections included two letters from World Assist to Children's Cancer Fund stating that World Assist "passes official title" of the donated goods at issue to Children's Cancer Fund and grants "variance power," the October 8, 2014 letter also notifies Children's Cancer Fund that World Assist is "*acting as an intermediary*" – in other words, as a mere "pass through."  The letter did not identify the owner of the goods

on whose behalf World Assist was acting, or otherwise explain how World Assist had such authority.  CSI submitted no documents for either shipment from the pharmaceutical companies, the *original donors* of the medicines, giving unconditional ownership of the goods and variance power to World Assist or any other charity on whose behalf World Assist might be acting.  Thus, there is nothing to show that World Assist had variance power[3] and ownership authorizing it to pass variance power and ownership on to Children's Cancer Fund.  Such authority would have been required to allow Children's Cancer Fund to claim these multi-million-dollar shipments as revenue and program expense in its financial reporting.  Accordingly, CSI failed to provide the promised services.

> **2.**   **The end user of the goods was not chosen by Children's Cancer Fund.**

CSI agreed to "process the transference of the title and ownership of the donated goods from the donor to Children's Cancer Fund."  However, as discussed above, in order for Children's Cancer Fund to claim the donated goods as contributions revenue and program expense, it was also required to have variance power.  CSI's own procedures, however, *precluded* Children's Cancer Fund from having variance power and ownership of the goods because CSI "offered" Children's Cancer Fund shipments where the end user was pre-selected.  If the end user of the goods in question was chosen by someone *other* than Children's Cancer Fund, then Children's Cancer Fund would not have variance power.  (Document 278 [Stephen Daves Deposition], Ex. 4, at p. 127, (145) line

---

[3] Variance power is the ability to determine who the end user of a gift in kind will be. The concept of variance power is discussed at length in the deposition of Stephen Daves, Children's Cancer Fund's accountant from at least 2008 to 2012, and for co-defendant Cancer Fund of America ("CFA" or "CFOA" in some exhibits) who used CSI's services in CFA's gift-in-kind program.  (Doc. 278, Ex. 4, at p. 97, [28] lines 12-22, & p. 100, [39] lines 9-17.)  The discussion of variance power and the fact it is *required* in order for a charity to claim the value of gifts in kind as revenue and program expense in regulatory filings is at Document 278, Exhibit 4, at page 127, [145] line 13 through Document 278, Exhibit 4, page 128, [149] line 12.  Attached to the Berndt Declaration as Exhibit 3 is the executed signature page for the deposition transcript along with a cover letter from Mr. Daves' attorney noting that Mr. Daves made no corrections to the transcript.

4 through p. 128, (149) line 9.)  Emails from CSI show that, when CSI personnel offered shipments to Children's Cancer Fund, the end user (foreign organization) was already identified.  (See Ex. 3, where in May 2009, CSI's Darin Martin offers Children's Cancer Fund a shipment of goods worth approximately $863,400 and tells Rose Perkins that the shipment is going to an organization in Northern Iraq; Ex. 4, where in February 2010, Martin offers Children's Cancer Fund and co-defendants Cancer Fund of America and The Breast Cancer Society pharmaceuticals worth an estimated $2,007,902.05 per charity, and tells them that this shipment is going to the Order of Malta charity in Guatemala; Ex. 5, where, in July 2010, Martin offers Children's Cancer Fund a shipment worth approximately $700,000 that is going to the Hope of Life charity in Guatemala.)[4]

CSI could not warrant that Children's Cancer Fund would have variance power and ownership where the end user had already been selected by another entity. Accordingly, because CSI failed to provide the promised services, Children's Cancer Fund was not allowed to claim the huge values of the goods as revenue and program expense in its financial reporting.

### 3.    CSI provided no proof of valuation for shipment WA39.

In its Objections, CSI failed to submit any proof of valuation for shipment WA39. The Objections include a proof of valuation for shipment WA16.  (There is a *proof of existence* for WA39, *but no valuation*.)  Both the 2009 and the 2013 MOUs require CSI to provide "Proof of Value."  For WA39, with regard to the pharmaceuticals, there are pages entitled "Red Book Online Product Details," but no computed valuation at all. Thus, there is no evidence that CSI performed any valuation services related to shipment WA39 for which it was due compensation.

---

[4] CSI also used the same process with co-defendant CFA.  Emails between CSI personnel and CFA personnel were introduced and discussed during the Daves deposition. Accountant Daves noted that, if the end user was already identified in CSI's offer of the shipment to CFA, CFA would not have had variance power and would not have been able to claim the value of the shipment as contribution revenue or program expense.  (Doc. No. 278, Ex. 4, at p. 136, (183) line 25 through p. 137, (187) line 9.)

4.   **CSI provided no proof that it audited the value of the donated goods according to applicable fair value measurements.**

*a)   No consideration of expiration dates.*

CSI's Objections also did not include any documentation showing that it "audited the value of the donated goods according to fair value measurements as explained by FASB 157." Such audit services were required by its MOUs. FASB Statement 157 *Fair Value Measurements* is now codified as FASB Accounting Standards Codification (ASC) Topic 820 *Fair Value Measurement*. ASC Topic 820 defines "fair value" as "the price that would be received to sell an asset or paid to transfer a liability in an orderly transaction between market participants at the measurement date." (*See* Ex. 7, Topic 820, ¶ 820-10-35-2.) Topic 820 further provides that "when measuring fair value, a reporting entity shall take into account the characteristics of the asset or liability at the measuring date. Such characteristics include, for example, the following: (a) the condition and location of the asset ...." (Ex. 7, ¶ 820-10-35-2B.)

CSI failed to comply with Topic 820's fair value measurements because, for shipment WA16, none of the pharmaceuticals listed in the documents called "Proof of Existence" and "Donor's Inventory" has any expiration dates on them. The expiration date of a pharmaceutical is a condition that "market participants" would consider in valuing the medicine. The failure to include the expiration dates renders the valuation CSI provided for WA16 meaningless. Value could not be established for the medicines that were included in that shipment because CSI failed to show that the medicines were safe and effective and that any values given would comply with Topic 820.

As for shipment WA39, CSI submitted with its Objections a "Customs Packing List" erroneously labeled as related to shipment WA16. The items listed on the Customs Packing List match the items listed on the inventory for WA39, not the items listed in the inventory for WA16. While the Customs Packing List for shipment WA39 notes expiration dates for the pharmaceuticals, these dates show a short window of time before expiration. According to the shipping report submitted by CSI, shipment WA39 did not

1  arrive in Guatemala until late October 2014 and, of course, additional time was required

2  to distribute the medicines to the end user clinics and patients.  Since CSI failed to even

3  submit a valuation for this shipment, there is, of course, no indication that CSI considered

4  the short expiration periods of the pharmaceuticals in compliance with Topic 820.

5                  *b)*      *CSI's Audited values based on Red Book are insufficient.*

6        CSI's Objections also failed to demonstrate that it provided Children's Cancer

7  Fund with "audited values of donated goods according to fair value measurements" for

8  either shipment.  Topic 820 requires a reporting entity to use valuation techniques "that

9  are appropriate in the circumstances and for which sufficient data are available to

10  measure fair value, maximizing the use of relevant observable inputs and minimizing the

11  use of unobservable inputs."  (Ex. 7, ¶ 820-10-35-24.)  The only support for valuation of

12  the pharmaceuticals that CSI provided with its Objections are pages from "Red Book

13  Online Product Details."  CSI failed to submit any evidence that reliance solely on the

14  "Red Book" is sufficient to establish the multi-million-dollar valuations for

15  pharmaceuticals as required by Topic 820.  Thus, CSI did not establish that it provided

16  any audit services for which it was due compensation.

17               **5.**     **<u>CSI failed to provide reports of end-user distribution of the</u>**

18                    **<u>goods.</u>**

19        Finally, CSI's Objections failed to include *any* reports of the end user's

20  distribution of the goods included in the shipments in question.  CSI had promised,

21  however, to process goods donated to Children's Cancer Fund from the original donation

22  through the final distribution in the foreign country (end user), and to handle the

23  processing of all documentation.  (Ex. 2.)  The only document CSI submitted with its

24  Objections related to end-user distributions is for a different shipment number and

25  appears to relate to a charity called "Diabetes Research and Wellness Foundation."[5]  *So*

---

26

27  [5] *See* Doc. No. 354, Ex. G, at pp. 70-74. The shipment number referred to in the report
CSI submitted to the Receiver is DRWF2014-WA35.  The shipment reference numbers

28  for the invoices at issue in CSI's Claim are CCFOA2014-WA39 and CCFOA2014-WA16.

*the only distribution report CSI submitted to the Receiver is for a shipment CSI processed for some other charity.* The photographs CSI submitted with its Objections, alone, do not constitute evidence of distribution because they only show undistributed boxed goods located in unknown locations, at unknown dates.[6] There is simply no evidence that the pharmaceuticals arrived at the specified destinations, or that they were distributed and used by anyone. Here too CSI failed to establish that it provided Children's Cancer Fund with the promised services or that it is due compensation.

## IV.   CONCLUSION

CSI's failure to provide promised services when acting as Children's Cancer Fund's "full service turn-key gifts-in-kind provider" in large part caused Children's Cancer Fund to unlawfully report, as revenue and program expense, hugely over-valued gift-in-kind shipments that Children's Cancer Fund did not own, thus deceiving regulators and the donating public. CSI's activities supported and aided Children's Cancer Fund's fraudulent conduct in reporting false, substantially inflated revenue and program expense numbers and false, inflated efficiency ratings in regulatory filings, in solicitations and in other publicly available materials. It should not be compensated for assisting in this unlawful conduct.

For all of these reasons, Plaintiffs respectfully request that this Court follow the recommendation of the Receiver and deny CSI's Claim for compensation in this Receivership proceeding.

---

[6] Plaintiffs also note that CSI's documentation of other items did not match. For example, CSI submitted pages of *valuation information* for Crocs Kids Classic shoes, but CSI's *inventories* for the two shipments included only shoes manufactured by Sketchers, not Crocs shoes.

RESPECTFULLY SUBMITTED this _____ day of September, 2016.

FOR THE PLAINTIFF STATES

_s/ Matthew du Mee_
Matthew du Mee
Nancy V. Anger
Assistant Attorneys General
OFFICE OF THE ARIZONA ATTORNEY GENERAL,
_ex rel_ MARK BRNOVICH
1275 W. Washington Street
Phoenix, AZ  85007
Matthew.duMee@azag.gov
Nancy.Anger@azag.gov
_Attorneys for Plaintiff States_

FOR PLAINTIFF FEDERAL TRADE
COMMISSION

_s/ Tracy S. Thorleifson_
Tracy S. Thorleifson
Sophie H. Calderón,
Krista K. Bush, and
Connor B. Shively
FEDERAL TRADE COMMISSION
915 Second Ave., Suite 2896
Seattle, WA 98174
tthorleifson@ftc.gov
kbush@ftc.gov
cshively@ftc.gov
(206) 220-6350 (telephone)
_Attorneys for Plaintiff Federal Trade Commission_

1
2
**CERTIFICATE OF SERVICE**

3       I certify that on September ____, 2016, I electronically transmitted the attached
4   document to the Clerk's Office using the CM/ECF System for filing and transmittal of a
5   Notice of Electronic Filing to all CM/ECF registrants and *e*-mailed a copy of same to any
6   non-registrants.

7

8   /s/ *Matthew du Mee*
9   <5314846>

10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**ATTORNEYS FOR DEFENDANTS**

William H. Doyle, Esq.
wdoyle@doylelawgroup.com
Brian R. Hauser, Esq.
bhauser@doylelawgroup.com
The Doyle Firm, P.C.
1313 E. Osborn Road, Suite 220
Phoenix, Arizona  85014
Telephone:  (602) 240-6711
*Attorneys for Defendants Cancer Fund of America, Inc.,*
*Cancer Support Services, Inc., and James Reynolds, Sr.*

**ATTORNEYS FOR PLAINTIFFS**

Tracy S. Thorleifson (WA State Bar #16633)
Sophie H. Calderón (CA State Bar #278135)
Krista K. Bush (WA State Bar #30881)
Connor Shively (WA State Bar #44043)
Federal Trade Commission
915 2nd Ave., Suite 2896
Seattle, WA 98174
Email:   tthorleifson@ftc.gov
            scalderon@ftc.gov
            kbush@ftc.gov
            cshively@ftc.gov
Telephone: (206) 220-6350
*Attorneys for Plaintiff Federal Trade*
*Commission*

Elizabeth K. Korsmo (NM State Bar #8989)
Assistant Attorney General
Office of Attorney General Hector Balderas
408 Galisteo St.
Santa Fe, NM 87501
Email: ekorsmo@nmag.gov
Telephone: (505) 827-6000
*Attorney for Plaintiff State of New Mexico*

Kyle Beckman (AL Bar #ASB-6046-E63B)
Assistant Attorney General
Office of Attorney General Luther Strange
501 Washington Ave.
Montgomery, AL 36104-0152
Email: kbeckman@ago.state.al.us
Telephone: (334) 353-2619

*Attorney for Plaintiff State of Alabama*
Cynthia C. Drinkwater (AK Bar #8808159)
Assistant Attorney General
Office of Attorney General Craig W. Richards
1031 W. 4th Ave., Suite 200
Anchorage, AK 99501
Email: cynthia.drinkwater@alaska.gov
Telephone: (907) 269-5200
*Attorney for Plaintiff State of Alaska*

John Alexander (AR Bar #2015248)
Assistant Attorney General
Office of Attorney General Leslie Rutledge
323 Center St., Suite 500
Little Rock, AR 72201
Email: John.Alexander@ArkansasAG.gov
Telephone: (501) 682-8063
*Attorney for Plaintiff State of Arkansas*

Sonja K. Berndt (CA State Bar #131358)
Deputy Attorney General
Office of Attorney General Kamala D. Harris
300 S. Spring St., Suite 1702
Los Angeles, CA 90013
Email: sonja.berndt@doj.ca.gov
Telephone: (213) 897-2179
*Attorney for Plaintiff State of California*

Alissa Hecht Gardenswartz (CO Bar #36126)
First Assistant Attorney General
John Feeney-Coyle (CO State Bar #44970)
Assistant Attorney General
Office of Atty General Cynthia H. Coffman
Ralph L. Carr Colorado Judicial Center
1300 Broadway, 7th Floor
Denver, CO 80203
Email: alissa.gardenswartz@state.co.us
       john.feeney-coyle@state.co.us
Telephone: (720) 508-6204 (Gardenswartz)
           (720) 508-6232 (Feeney-Coyle)
*Attorneys for Plaintiff State of Colorado*

LeeAnn Morrill (CO Bar #38742)
First Assistant Attorney General
Public Officials Unit
Office of Atty General Cynthia H. Coffman
Ralph L. Carr Colorado Judicial Center
1300 Broadway, 6th Floor
Denver, Colorado 80203
Email: leeann.morrill@state.co.us
Telephone: (720) 508-6159
*Attorney for Plaintiff Secretary of State Wayne Williams*

Gary W. Hawes (CT State Bar #415091)
Assistant Attorney General
Office of Attorney General George Jepsen
55 Elm St., P.O. Box 120
Hartford, CT 06141-0120
Email: gary.hawes@ct.gov
Telephone: (860) 808-5020
*Attorney for Plaintiff State of Connecticut*

Gillian L. Andrews (DE State Bar #5719)
Deputy Attorney General
Office of the Attorney General Matthew P. Denn
Consumer Protection Unit
820 N. French Street, 5th Floor
Wilmington, DE 19801
Email:  gillian.andrews@state.de.us
Telephone:   (302) 577-8844 (Andrews)
*Attorneys for Plaintiff State of Delaware*

Brian R. Caldwell (DC Bar #979680)
Assistant Attorney General
Office of Attorney General Karl A. Racine
441 Fourth St., NW, Suite 600-N
Washington, DC 20001
Email: Brian.Caldwell@dc.gov
Telephone: (202) 727-6211
*Attorney for Plaintiff District of Columbia*

Rebecca Sirkle (FL State Bar #42312)
Assistant Attorney General
Office of Attorney General Pam Bondi
135 W. Central Blvd., Suite 670
Orlando, FL 32801
Email: Rebecca.Sirkle@myfloridalegal.com
Telephone: (407) 316-4840
*Attorney for Plaintiff State of Florida*

Daniel Walsh (GA State Bar #735040)
Senior Assistant Attorney General
Office of Attorney General Sam Olens
Department of Law, State of Georgia
40 Capitol Square, SW
Atlanta, GA 30334-1300
Email: dwalsh@law.ga.gov
Telephone: (478) 207-1391
*Attorney for Plaintiff State of Georgia*
*    and Georgia Secretary of State*

Hugh R. Jones (HI State Bar #4783)
Supervising Deputy Attorney General
Jodi L. K. Yi (HI State Bar #6625)
Deputy Attorney General
Office of Attorney General Douglas S. Chin
425 Queen St.
Honolulu, HI 96813
Email: Hugh.R.Jones@Hawaii.gov
Jodi.K.Yi@Hawaii.gov
Telephone: (808) 586-1470
*Attorneys for Plaintiff State of Hawaii*

Jane E. Hochberg (ID State Bar #5465)
Deputy Attorney General
Office of Attorney General Lawrence G. Wasden
Consumer Protection Division
954 W. Jefferson St., 2nd Floor
Boise, ID 83720
Email: jane.hochberg@ag.idaho.gov
Telephone: (208) 334-2424
*Attorney for Plaintiff State of Idaho*

Therese M. Harris (IL State Bar #6190609)
Barry S. Goldberg (IL State Bar #6269821)
Assistant Attorneys General
Office of Attorney General Lisa Madigan
100 West Randolph St., 11th Floor
Chicago, IL 60601
Email: tharris@atg.state.il.us
          bgoldbrg@atg.state.il.us
Telephone: (312) 814-2595
*Attorneys for Plaintiff State of Illinois*

Richard M. Bramer (IN State Bar #15989-77)
Deputy Attorney General and Director
Consumer Protection Division
Office of Attorney General Gregory F. Zoeller
302 W. Washington St., 5th Floor
Indianapolis, IN 46204
Email: richard.bramer@atg.in.gov
Telephone: (317) 232-1008
*Attorney for Plaintiff State of Indiana*

Steve St. Clair (IA State Bar # AT 0007441)
Assistant Attorney General
Office of Attorney General Tom Miller
1305 E. Walnut, 2nd Floor
Des Moines, IA 50319
Email: steven.stclair@iowa.gov
Telephone: (515) 281-3731
*Attorney for Plaintiff State of Iowa*

Lynette R. Bakker (KS State Bar #22104)
Assistant Attorney General
Office of Attorney General Derek Schmidt
120 S.W. 10th Ave., 2nd Floor
Topeka, KS 66612
Email: lynette.bakker@ag.ks.gov
Telephone: (785) 296-3751
*Attorney for Plaintiff State of Kansas*

Leah Cooper Boggs (KY State Bar #83471)
John Ghaelian (KY State Bar #94987)
Assistant Attorneys General
Office of Attorney General Jack Conway
1024 Capital Center Drive
Frankfort, KY 40601
Email: John.Ghaelian2@ky.gov
          Leah.Boggs@ky.gov
Telephone: (502) 696-5389
*Attorneys for Plaintiff
   Commonwealth of Kentucky*

Cathryn E. Gits (LA State Bar #35144)
Assistant Attorney General
Office of Attorney General James D. Caldwell
1885 N. Third St.
Baton Rouge, LA 70802
Email: gitsc@ag.state.la.us
Telephone: (225) 326-6400
*Attorney for Plaintiff State of Louisiana*

Carolyn A. Silsby (ME Bar # 3030)
Assistant Attorney General
Office of Attorney General Janet T. Mills
Burton M. Cross Office Building
111 Sewall St.
6 State House Station
Augusta, ME 04333
Email: carolyn.silsby@maine.gov
Telephone: (207) 626-8829
*Attorney for Plaintiff State of Maine*

1   Josephine B. Yuzuik
    Assistant Attorney General
2   Office of Attorney General Brian E. Frosh
3   200 St. Paul Place
    Baltimore, MD 21202
4   Email: Josephine.yuzuik@maryland.gov
    Telephone: (410) 576-6300
5   Direct: (410) 260-3855
6   *Attorney for Plaintiffs State of Maryland*
       *and Secretary of State John Wobensmith*
7

8   Brett J. Blank (MA State Bar #686635)
    Assistant Attorney General
9   Non-Profit Organizations/Public Charities Div.
    Office of Attorney General Maura Healey
10  One Ashburton Place, 18th Floor
    Boston, MA 02108
11  Email: brett.blank@state.ma.us
    Telephone: (617) 727-2200
12
13  *Attorney for Plaintiff Commonwealth of*
    *Massachusetts*
14

15  William R. Bloomfield (MI Bar #P68515)
    Assistant Attorney General
16  Department of Atty General Bill Schuette
    Corporate Oversight Division
17  525 W. Ottawa St., 6th Floor
    Lansing, MI 48933
18  Email: bloomfieldw@michigan.gov
19  Telephone: (517) 373-1160
    *Attorney for Plaintiff State of Michigan*
20

21  Joshua J. Skaar (MN Bar #0396711)
    Assistant Attorney General
22  Office of Attorney General Lori Swanson
23  Bremer Tower, Suite 1200
    445 Minnesota St.
24  St. Paul, MN 55101-2130
    Email: josh.skaar@ag.state.mn.us
25  Telephone: (651) 757-1004
26  *Attorney for Plaintiff State of Minnesota*

27

28

Tanya Webber (MS State Bar #99405)
Assistant Secy of State – Charities Division
Office of Secretary of State Delbert Hosemann
125 S. Congress St.
Jackson, MS 39201
Email: Tanya.webber@sos.ms.gov
Telephone: (601) 359-6742
*Attorney for Plaintiff Secretary*
  *of State of Mississippi*


Robert E. Carlson (MO State Bar #54602)
Senior Assistant Attorney General
Office of Attorney General Chris Koster
815 Olive St., Suite 200
St. Louis, MO 63101
Email: bob.carlson@ago.mo.gov
Telephone: (314) 340-6816
*Attorney for Plaintiff State of Missouri*


E. Edwin Eck (MT State Bar #414)
Deputy Attorney General
Kelley L. Hubbard (MT State Bar #9604)
Assistant Attorney General
Office of Attorney General Timothy C. Fox
P. O. Box 200151
Helena, MT 59601
Email: EdEck@mt.gov
         khubbard@mt.gov
Telephone: (406) 444-2026
*Attorneys for Plaintiff State of Montana*


Daniel J. Russell (NE State Bar #25302)
Assistant Attorney General
Office of Attorney General Douglas Peterson
2115 State Capitol
PO Box 98920
Lincoln, NE 68509
Email:  daniel.russell@nebraska.gov
Telephone: (402) 471-1279
*Attorney for Plaintiff State of Nebraska*

JoAnn Gibbs (NV State Bar # 005324)
Chief Multistate Counsel
Office of Attorney General Adam Paul Laxalt
Bureau of Consumer Protection
10791 W. Twain Ave., Suite 100
Las Vegas, NV 89135
Email: jgibbs@ag.nv.gov
Telephone: (702) 486-3789
*Attorney for Plaintiff State of Nevada*

Thomas J. Donovan (NH State Bar #664)
Director of Charitable Trusts
Office of Attorney General Joseph A. Foster
33 Capitol St.
Concord, NH 03301
Email: tom.donovan@doj.nh.gov
Telephone: (603) 271-1288
*Attorney for Plaintiff State of New Hampshire*

Erin M. Greene (NJ State Bar #014512010)
Deputy Attorney General
State of New Jersey
Office of the Attorney General
Division of Law
124 Halsey St.
P.O. Box 45029
Newark, NJ 07101
Email: erin.greene@dol.lps.state.nj.us
Telephone: (973) 648-4846
*Attorney for Plaintiff State of New Jersey*

Sean Courtney (NY State Bar #2085363)
Yael Fuchs (NY State Bar # 4542684)
Assistant Attorneys General
Office of Atty General Eric T. Schneiderman
120 Broadway
New York, NY 10271
Email: sean.courtney@ag.ny.gov
yael.fuchs@ag.ny.gov
Telephone: (212) 416-8402
*Attorneys for Plaintiff State of New York*

Creecy Johnson (NC State Bar #32619)
Special Deputy Attorney General
Office of Attorney General Roy Cooper
9001 Mail Service Center
Raleigh, NC 27699
Email: ccjohnson@ncdoj.gov
Telephone: (919) 716-6000
Daniel Snipes Johnson (NC State Bar #9289)
Special Deputy Attorney General
Counsel for North Carolina SOS Elaine F. Marshall
P.O. Box 629
Raleigh, NC 27699
Email: djohnson@ncdoj.gov
Telephone: (919) 716-6610
*Attorneys for Plaintiff State of North Carolina*

Michael C. Thompson (ND Bar # 06550)
Assistant Attorney General
Office of Atty General Wayne Stenehjem
Gateway Professional Center
1050 E. Interstate Ave., Ste. 200
Bismarck, ND 58503
Email: mcthompson@nd.gov
Telephone: (701) 328-5570
*Attorney for Plaintiff State of North Dakota*

Kristine Hayes (OH State Bar #0069778)
Associate Assistant Attorney General
Office of Attorney General Mike DeWine
150 E. Gay St., 23rd Floor
Columbus, OH 43215
Email: kristine.hayes@ohioattorneygeneral.gov
Telephone: (614) 466-3181
*Attorney for Plaintiff State of Ohio*

| | | |
|---|---|---|
| 1 | Heather L. Weigler (OR State Bar #03590) | Philip D. Carlson (SD State Bar #3913) |
| 2 | Assistant Attorney General | Assistant Attorney General |
| | Office of Attorney General Ellen Rosenblum | Office of Attorney General Marty J. Jackley |
| 3 | 1515 SW 5th Ave., Suite 410 | 1302 E. Highway 14, Suite 1 |
| | Portland, OR 97201 | Pierre, SD 57301 |
| 4 | Email: heather.l.weigler@state.or.us | Email: Phil.Carlson@state.sd.us |
| 5 | Telephone: (971) 673-1880 | Telephone: (605) 773-3215 |
| | *Attorney for Plaintiff State of Oregon* | *Attorney for Plaintiff State of South Dakota* |
| 6 | | |
| 7 | Michael T. Foerster (PA State Bar #78766) | Janet M. Kleinfelter (TN State Bar # 13889) |
| | Senior Deputy Attorney General | Deputy Attorney General |
| 8 | Office of Atty General Kathleen G. Kane | Office of the Attorney General |
| | 14th Floor Strawberry Square | 425 5th Ave., N. |
| 9 | Harrisburg, PA 17120 | P.O. Box 20207 |
| 10 | Email: mfoerster@attorneygeneral.gov | Nashville, TN 37202 |
| | Telephone: (717) 783-2853 | Email: Janet.Kleinfelter@ag.tn.gov |
| 11 | Gene J. Herne (PA State Bar #82033) | Telephone: (615) 741-7403 |
| | Senior Deputy Attorney General-in-Charge | *Attorney for Plaintiff Tennessee* |
| 12 | Charitable Trusts and Organizations Section | *Secretary of State Tre Hargett* |
| 13 | Office of Atty General Kathleen G. Kane | |
| | 564 Forbes Ave., 6th Floor Manor Complex | Corey D. Kintzer (TX Bar #24046219) |
| 14 | Pittsburgh, PA 15219 | Jennifer M. Roscetti (TX Bar #24066685) |
| 15 | Email: eherne@attorneygeneral.gov | Assistant Attorneys General |
| | Telephone: (412) 565-3581 | Office of Attorney General Ken Paxton |
| 16 | *Attys for Pltff Commonwealth of Pennsylvania* | 300 W. 15th St., 9th Floor |
| 17 | | Austin, TX 78701 |
| | Genevieve M. Martin (RI State Bar #3918) | Email: Corey.Kintzer@texasattorneygeneral.gov |
| 18 | Assistant Attorney General | Jennifer.Roscetti@texasattorneygeneral.gov |
| | Dept. of Attorney General Peter F. Kilmartin | Telephone: (512) 936-0585 (Kintzer) |
| 19 | 150 South Main St. | (512) 475-4183 (Roscetti) |
| 20 | Providence, RI 02903 | *Attorneys for Plaintiff State of Texas* |
| | Email: gmartin@riag.ri.gov | |
| 21 | Telephone: (401) 274-4400 x2300 | Jeffrey Buckner (UT State Bar #4546) |
| | *Attorney for Plaintiff State of Rhode Island* | Assistant Attorney General |
| 22 | | Office of Attorney General Sean D. Reyes |
| 23 | Shannon A. Wiley (SC State Bar #69806) | 160 E. 300 South, Fifth Floor |
| | Deputy General Counsel | P. O. Box 140872 |
| 24 | Office of Secretary of State Mark Hammond | Salt Lake City, UT 84114 |
| | 1205 Pendleton St., Suite 525 | Email: Jbuckner@utah.gov |
| 25 | Columbia, SC 29201 | Telephone: (801) 366-0310 |
| 26 | Email: swiley@sos.sc.gov | *Attorney for Plaintiff State of Utah* |
| | Telephone: (803) 734-0246 | *and Utah Division of Consumer Protection* |
| 27 | *Attorney for Plaintiff State of South Carolina* | |
| 28 | | |

Todd W. Daloz (VT State Bar #4734)
Assistant Attorney General
Office of Atty General William H. Sorrell
109 State Street
Montpelier, VT 05609
Email: todd.daloz@state.vt.us
Telephone: (802) 828-4605
*Attorney for Plaintiff State of Vermont*

Richard S. Schweiker, Jr. (VA Bar #34258)
Senior Assistant Attorney General
Office of Attorney General Mark R. Herring
202 North 9th St.
Richmond, VA 23219
Email: rschweiker@oag.state.va.us
Telephone: (804) 786-5643
*Attorney for Plaintiff Commonwealth of Virginia*

Sarah A. Shifley (WA State Bar #39394)
Assistant Attorney General
Office of Atty General Robert W. Ferguson
800 5th Ave., Suite 2000, TB-14
Seattle, WA 98104
Email: sarah.shifley@atg.wa.gov
Telephone: (206) 389-3974
*Attorney for Plaintiff State of Washington*

Michael M. Morrison (WV State Bar #9822)
Assistant Attorney General
Office of Attorney General Patrick Morrisey
P.O. Box 1789
Charleston, WV 25326
Email: Matt.M.Morrison@wvago.gov
Telephone: (304) 558-8986
Laurel K. Lackey (WV State Bar #10267)
Assistant Attorney General
Counsel for SOS Natalie E. Tennant
269 Aikens Center
Martinsburg, WV 25404
Email: Laurel.K.Lackey@wvago.gov

Telephone: (304) 267-0239
*Attorneys for Plaintiff State of West Virginia*
Francis X. Sullivan (WI State Bar #1030932)
Assistant Attorney General
Office of Attorney General Brad D. Schimel
17 W. Main St., P.O. Box 7857
Madison, WI 53707-7857
Email: sullivanfx@doj.state.wi.us
Telephone: (608) 267-2222
*Attorney for Plaintiff State of Wisconsin*

Benjamin M. Burningham (UT Bar # 14606 )
Assistant Attorney General
Office of Attorney General Peter K. Michael
2320 Capitol Avenue
Cheyenne, WY 82002
Email: ben.burningham@wyo.gov
Telephone: (307) 777-7847
*Attorneys for Plaintiff State of Wyoming*

1

**ATTORNEYS FOR ASSOCIATED COMMUNITY SERVICES, INC.**
**AND CENTRAL PROCESSING SERVICES, LLC**

2

3   Randall M. Shaheen, Esq.
    Eric S. Berman, ESq.

4   VENABLE, LLP
    575 7th Street, N.W.

5   Washington, D.C. 20004
    rmshaheen@venable.com

6   esberman@venable.com

7   T: (202) 344-4000
    F: (202) 344-8300

8

9   **ATTORNEYS FOR RECEIVER, RECEIVERSHIP MANAGEMENT, INC.**

10  Patrick M. Murphy, Esq.

11  GUTTILLA MURPHY ANDERSON, P.C.
    5415 East High Street, Suite 200

12  Phoenix, Arizona 85054
    pmurphy@gamlaw.com

13  T: (480) 304-8300
    F: (480) 304-8301

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28